## 56268. COLLINS v. PEACOCK.

Quillian, Presiding Judge.

This is an action to domesticate an out-of-state judgment entered in the Law Court of Sullivan County, Kingsport, Tennessee, against the defendant Peacock in favor of the plaintiff Collins. The Georgia trial court refused to domesticate the foreign judgment. Plaintiff brings this appeal. *Held:*

Defendant entered into a sale of clothing with plaintiff from his place of business in Riverdale, Georgia. The evidence of record is insufficient for us to determine the details of the formation of the oral contract. Defendant personally delivered the clothing to plaintiff's place of business in Tennessee. The following day plaintiff paid for the clothing with a $5,000 cashier's check and a personal

check of approximately $575. Plaintiff stopped payment on the $575 check and brought suit against defendant in Tennessee. The defendant was served by leaving a copy of the summons and complaint with his wife at his place of business.

Defendant employed a Georgia attorney and a Tennessee attorney. The Georgia attorney filed an answer with the Tennessee court which was signed only by himself. Negotiations attempting to settle the suit were conducted through the Tennessee attorney. All efforts to settle the action failed.

Without notification to the defendant, the Tennessee court entered judgment against defendant Peacock in the amount of $4,410.50 "upon the motion of the plaintiff for a default judgment on the ground that there is no proper answer filed by the defendant *since the defendant's [Tennessee] attorney,* Mr. Joseph O. Fuller, *moved the Court to withdraw* as attorney of record for the defendant and which motion the Court granted and upon proper notice to the defendant of the plaintiff's motion for a default judgment. *The Court found* that the *defendant had failed to file a proper answer* and had failed *to appear or otherwise respond* as required by law after having been given proper notice. . ." (Emphasis supplied.)

Although the judgment recites that court granted default "upon proper notice to the defendant," neither the record nor transcript shows such service and this fact is denied by the defendant. Further, the defendant testified that he had paid his Tennessee attorney a $200 retainer and that he received notification of his withdrawal only after notification of the judgment rendered against him.

The defendant contends full faith and credit should not be accorded the Tennessee judgment for numerous reasons, including: (1) defendant was not personally served, (2) he did not receive timely notice of "a Court date," (3) lack of jurisdiction, (4) lack of timely notice of withdrawal of his Tennessee attorney, (5) defendant did not receive "due process" in the Tennessee court, and (6) "the Plaintiff has failed to demonstrate that the judgment of that Court was of the same type as the United States and the States thereof. . ."

1. Plaintiff-appellant argues that "[t]he issues in

this case are governed by the Georgia Foreign Money Judgments Recognition Act, Ga. Code Ann. § 100-1300." Furthermore, the actual trial of the case, the enumerations of error, and wording of the brief parrot language from the Foreign Money-Judgments Recognition Act. Code Ann. Ch. 110-13 (Ga. L. 1975, p. 479 et seq.). However, the Act defines "foreign state" as "any governmental unit other than the United States, or any State. . ." Code Ann. § 110-1301 (a) (Ga. L. 1975, p. 479). Although court decisions refer to "foreign courts" in referring to sister states, the legislature—in this instance, truly intended "foreign" to mean "non-domestic" courts of these United States. The Act is not applicable.

2. "Under the full faith and credit clause of the United States Constitution, a judgment of a foreign court will be enforced by the courts of this state. However, that judgment may be collaterally attacked where the foreign court lacked jurisdiction of the person or subject matter..." *Gordon v. Gordon,* 237 Ga. 171 (1) (227 SE2d 53).

The plaintiff introduced no Tennessee law. Therefore, it is presumed as a matter of law that it is the same as Georgia law. *Ferster v. Ferster,* 220 Ga. 319, 320 (138 SE2d 674); *Glover v. Sink,* 230 Ga. 81, 82 (195 SE2d 443).

In the instant case the return of service shows it was "left with his wife, at Peacock-Alley, his place of Business, 85 Hwy., Riverdale, Ga." Although Mr. Peacock first testified that he was present when service was made upon his wife, he later amended that statement to: ". . . it was left with my wife, but I did receive service." Apparently, the only attempt at service was the method described in the return.

The Georgia court found the defendant did not have "to respond because of bad service." We agree that personal service was not perfected. The Code provides personal service of summons must be made "to the defendant personally, or by leaving copies thereof at his dwelling-house or usual place of abode . . ." CPA § 4 (d) (7); Code Ann. § 81A-104 (d) (7) (Ga. L. 1966, pp. 609, 610, as amended through Ga. L. 1972, pp. 689-692). The Supreme Court "has strictly construed the provisions of this Code

Section, and rightfully so, since notice is the very bedrock of due process." *Thompson v. Lagerquist,* 232 Ga. 75, 76 (205 SE2d 267). "Even if defendant has knowledge of a pending suit, the sine qua non is service of process in the manner provided by law. A default judgment based upon other than legal service is a nullity." *American Photocopy &c. Co. v. Lew Deadmore &c., Inc.,* 127 Ga. App. 207 (2) (193 SE2d 275). Thus, the fact that the defendant ultimately received the summons from his wife did not perfect an otherwise invalid service. *Heard v. Hopper,* 233 Ga. 617, 618 (212 SE2d 797).

3. The plaintiff argues "that the Defendant, by his actions in this case, waived all irregularities that might possibly have existed in the service process . . . [T]he Defendant, through his attorneys. . . filed an Answer to the Complaint . . . [O]nce a Defendant files an Answer, he has made a general appearance, and unless he specifically sets up the defense of lack of jurisdiction, he submits himself to the Court."

It must be remembered that the answer was filed and signed by a Georgia attorney. Mr. Peacock had a Tennessee attorney, who accepted a retainer and represented him during pre-trial negotiations but abandoned him when the plaintiff was ready for trial. The defendant testified that he was not notified of the withdrawal of his Tennessee attorney until after the plaintiff had moved to strike the defendant's answer and had taken a default judgment. The Tennessee court ruled that "since the defendant's attorney, Mr. Joseph O. Fuller, moved the Court to withdraw . . . which motion the Court granted . . . The Court found that the defendant had failed to file a proper answer and had failed to appear or otherwise respond . . . therefore, the plaintiff's motion for a default judgment should be granted and the cause was set for hearing ex parte."

It would appear that the plaintiff desires to advocate the best of both sides of the Tennessee court's ruling. First, it is apparent that the Tennessee court would not accept the attempted filing of the defendant's answer — even as a pro se answer, after the Tennessee lawyer withdrew. Secondly, plaintiff argues that when "[t]he defendant filed an answer . . . This constituted a general

appearance." We decline to adopt plaintiff's reasoning. The court did not strike the defendant's answer after he filed, it ruled "defendant had failed to file . . . and had failed to appear or otherwise respond. . ." The failure to file and appear was the basis for the default judgment. Counsel will not now be permitted to enforce a foreign default judgment predicated on defendant's failure to file an answer and now argue that "defendant filed an answer . . . [which] constituted a general appearance." It would indeed be a paradoxical procedure where a defendant attempted to submit himself to the jurisdiction of a foreign court, but the court refused him the right to answer or defend, then ruled that his attempt to submit himself to the jurisdiction of the court was successful, and awarded judgment by default for his failure to answer or appear. We find no submission to the jurisdiction of the Tennessee court and a failure of personal service.

4. Inasmuch as the only attempt by the Tennessee plaintiff to serve the Georgia defendant was by personal service — which was not perfected, they were without jurisdiction, except to dismiss the case for lack of jurisdiction. *DeJarnette Supply Co. v. F. P. Plaza, Inc.,* 229 Ga. 625 (2) (193 SE2d 852). A judgment founded upon a suit in which the trial court had no jurisdiction of the defendant is void. *Foster v. Foster,* 207 Ga. 519 (3) (63 SE2d 318). The trial court did not err in failing to domesticate this foreign judgment.

Because the above holding is dispositive of this appeal we need not consider the remaining enumerations.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

ARGUED SEPTEMBER 5, 1978 — DECIDED OCTOBER 5, 1978.

*Dorsey & Traver, Jerry B. Hatcher,* for appellant.
*Watson, Brown, Foster & Murphy, Larry A. Foster,* for appellee.