33912. KRONITZ et al. v. FIFTH AVENUE DANCE STUDIO, INC.

MARSHALL, Justice.

The appellee, a New York corporation, sued the resident appellants in the State Court of DeKalb County to recover on an authenticated New York judgment. The appellants filed defenses purportedly based upon the Georgia Foreign Money—Judgments Recognition Act, Code Ann. Ch. 110-13 (Ga. L. 1975, p. 479 et seq.), and specifically Code Ann. § 110-1304 (Ga. L. 1975, pp. 479, 480). In response to the appellee's motion for summary judgment, the appellants filed a motion requesting permission to offer further testimony. The trial court judge never ruled on the appellants' motion, indicating that "it would make no difference what defenses or what evidence you have, I am still going to recognize the New York judgment." In the final order appealed from, entered April 19, 1978, the trial court judge held that the aforesaid Act is unconstitutional, stated that he gave no

consideration to it and accepted no defense with respect to Code Ann. § 110-1304, and granted the appellee's motion for summary judgment. *Held:*

Even if the April 19, 1978, final order appealed from had revealed the grounds of the trial court's holding of the Foreign Money—Judgments Recognition Act to be unconstitutional, the constitutionality of that law, if "drawn in question" (Art. VI, Sec. II, Par. IV, Ga. Const. of 1976; Code Ann. § 2-3104), need not be ruled on by this court, because that law is not applicable in the case sub judice. The Act expressly applies to judgments of "foreign" states, which are defined so as to exclude sister states. Code Ann. §§ 110-1301, 110-1303 (Ga. L. 1975, pp. 479, 480); *Collins v. Peacock,* 147 Ga. App. 424 (1) (1978).

Because the case was tried by the parties and the judge on the erroneous premise that the defenses were being filed and considered vis-a-vis this inapplicable statute, we reverse the order ruling on the constitutionality of that Act and granting summary judgment, and remand the case to the trial court for a hearing on the issue of whether any of the defenses raised are valid under the Full-Faith-and-Credit Clause of the U. S. Constitution. Art. IV, Sec. I (Code § 1-401).

*Judgment reversed and remanded. All the Justices concur.*

SUBMITTED AUGUST 4, 1978 — DECIDED OCTOBER 18, 1978.

*B. W. Crecelius,* for appellants.
*Taylor, Morris & Hotz, George T. Lamb,* for appellee.