### 61928, 61929. STEVENS v. WAKEFIELD (two cases).

McMURRAY, Presiding Judge.

The decision of this court in the above styled cases (*Stevens v. Wakefield,* 160 Ga. App. 353 (287 SE2d 49)) in which we remanded with direction, having been reversed by the Supreme Court on certiorari (*Wakefield v. Stevens,* 249 Ga. 254 (290 SE2d 58)) our opinion and judgment is vacated and set aside. The decision of the Supreme Court that the motion to recuse was not timely filed, hence the trial court did not err in refusing to dismiss the motion to recuse, is hereby made the judgment of this court as to that issue. The issues submitted by the remaining enumerations of error which were rendered moot by our previous decision are reopened by the decision of the Supreme Court. *Held:*

1. The plaintiffs enumerate as error the trial court's grant of defendant's motions to open default pursuant to provisions of Code Ann. § 81A-155 (b) (Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238)

holding that the defendant has shown excusable neglect for failure to file timely defensive pleadings, that a meritorious defense has been set up, and that defendant has made a proper case for the default's opening. Plaintiffs argue that the facts of the cases sub judice do not reveal excusable neglect and did not constitute a proper case for the exercise of discretion by the trial judge.

We note that since *Houston v. Lowes of Savannah,* 235 Ga. 201 (219 SE2d 115) excusable neglect and where the judge from all facts determines that a proper case has been made are clearly recognized as separate grounds for opening default. The third ground for opening default under Code Ann. § 81A-155 (b), supra, providential cause, is not involved in the cases sub judice.

Excusable neglect has been defined as referring to "where there is a *reasonable excuse* for failing to answer." *Sanders v. American Liberty Ins. Co.,* 225 Ga. 796, 797 (171 SE2d 539). One such example of a reasonable excuse has been held to be where a litigant "reasonably relied upon the word of his fellow, *particularly* when no innocent party will suffer if the default is opened." *Cobb County Fair Assn. v. Boyle,* 143 Ga. App. 754, 756 (240 SE2d 136). This is such a case. The defendant, although involved in other litigation arising from the same motor vehicle collision, had never been served with process prior to the cases involved. Defendant turned the complaints over to his supervisor at work and was told that the matter would be taken care of for him and was later told by a higher official in his company that responses to the complaints were being prepared. The interrogatories attached to the complaints being similar to those which the defendant had already participated in answering on behalf of his employer, it appears reasonable that the defendant felt that the matter would be handled by his employer and that no further inquiry was necessary. The facts of the cases sub judice, showing excusable neglect and no prejudice to plaintiffs due to defendant's delay, a proper case has been made for the default to be opened. *Cobb County Fair Assn. v. Boyle,* 143 Ga. App. 754, supra; *American Erectors v. Hanie,* 157 Ga. App. 687, 688 (1) (278 SE2d 196). See also *Axelroad v. Preston,* 232 Ga. 836, 837 (1) (209 SE2d 178); *Copeland v. Carter,* 247 Ga. 542, 543 (277 SE2d 500).

2. The state court judge to whom these cases were originally assigned determined that it was proper to disqualify herself. There is no contention of error made in regard to the decision of the state court judge to disqualify herself. The state court judge thereupon entered an order designating and appointing a named judge of the Muscogee Superior Court after the cases were assigned to the named superior court judge by the Clerk of the Superior Court in accordance with the judge assignment rules for Muscogee Superior Court. Plaintiffs

thereafter moved to disqualify the superior court judge, giving rise to the issues in the cases sub judice decided in the recent aforementioned decision of the Supreme Court. Plaintiffs also moved for assignment of the cases to another state court judge under the authority of Code Ann. § 24-2111a.1 (Ga. L. 1980, p. 600), rather than allowing the cases to remain assigned to the superior court judge. The denial of these motions is enumerated as error. However, Code Ann. § 24-2111a.1, supra, is merely permissive, authorizing the judge of a state court to serve as the judge of any other state court, but only upon the call of the judge of such other state court. An alternative method of reassigning the cases was utilized, that authorized by Code Ann. § 2-3310 (Constitution of Georgia of 1976, Art. VI, Sec. IV, Par. X) providing that in any county within which there is a state court the judge of such a court and the judge of the superior court may preside in the courts of each other in cases where the judge of either court is disqualified to preside. The utilization of this alternative procedure was within the discretion of the state court judge who disqualified herself. The matter is one of judicial administration and the choice implemented deprives the plaintiffs of nothing to which they are entitled under principles of due process or as provided by the statutes of Georgia. This enumeration of error is without merit.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED JUNE 18, 1982 —
REHEARING DENIED JULY 13, 1982 — 

*J. Sherrod Taylor, Billy E. Moore, Jack T. Brinkley,* for appellant (case no. 61928).

*J. Sherrod Taylor,* for appellee (case no. 61929).

*John W. Denney, A. J. Land,* for appellee.