63304. HOWELL ENTERPRISES, INC. v. RAY.

DEEN, Presiding Judge.

Howell Enterprises, Inc. (Howell), appellant, owned and leased commercial property to two brothers, the Seays. The ground lease between the parties provided that the Seays "shall indemnify and

save harmless Landlord from . . . any and all liability . . . arising from injury to person or property sustained by anyone in and about the Demised Premises." Ray was injured on the property and sued Howell and the Seays. Howell failed to answer and a default judgment was entered against this defendant. We granted Howell's discretionary appeal of the denial of its motion to open default.

It is contended that the trial court erred in denying its motion because a proper case was made for opening default based on "excusable neglect." Appellant paid costs, filed defenses, offered to plead instanter, and announced ready to proceed to trial. Appellant supported its motion by affidavit wherein it presented its case for excusable neglect.

"In cases such as this, no two are alike and each must stand on its own merits. The facts in each case are different and you must look at each in the light of the facts peculiar to that particular case. Civil Practice Act § 55 (b) (Code Ann. § 81A-155 (b)) provides three ways in which a default may be opened. One of them is *excusable neglect,* provided all other aspects of the law are complied with as to opening a default." *Cobb County Fair Assn. v. Boyle,* 143 Ga. App. 754, 756 (240 SE2d 136) (1977). In the instant case, Howell complied with the statutory provisions for opening a default. "The only question is: Are the facts set out herein supportive of the claim of excusable neglect?" *Cobb County,* supra.

Howell was served with the instant action on March 25, 1981, and wrote the Seays' attorney on April 2, 1981, requesting defense and indemnification under the lease agreement. On April 15, the Seays' attorney replied but expressed some doubt as to whether the Seays' insurer would defend appellant. He gave appellant the name of the insurer's representative to call. Appellant instead recontacted the Seays' attorney, and in his affidavit appellant states "I responded by telephone and confirmed with Mr. Sweat (Seays' attorney) that the contractual obligation of his clients was to defend and not merely to indemnify Howell Enterprises, Inc. Mr. Sweat responded that he would contact Mr. Vic Burns of Birmingham Fire Insurance Company concerning the same and I was left with the impression that either he or Birmingham Fire Insurance Company would cause a timely Answer to be filed in due course." Appellant's default stems from reliance on this impression. It is noteworthy that the appellant in this case turned its copy of the complaint over to its legal counsel as soon as it was served with process and that it was the appellant's counsel, not the appellant itself, which declined to file an answer based on an "impression" received from a telephone conversation with the co-defendant's attorney. What constitutes excusable neglect for a pro se litigant, unlearned in the law, may not be excusable for a

member of the legal profession. Certainly we cannot conclude on the basis of this record that the trial court was required as a matter of law to open the default.

It is the general rule that this court should not merely substitute its judgment for that of the trial judge in cases such as this, especially where the trial judge had the opportunity of observing the witnesses, passing on their credibility and evaluating the full import of their testimony.

Although this case is similar to *Cobb County Fair Assn. v. Boyle,* 143 Ga. App. 754, supra, it likewise is strikingly similar to the whole court case of *Houston v. Lowes of Savannah,* 136 Ga. App. 781, 783, 785 (222 SE2d 209) (1975), which held in part: "The trial judge had the opportunity of observing the witnesses, passing on their credibility, and evaluating the full import of their testimony. With only a cold record before us, this court should not merely substitute its judgment for that of the trial judge. . . We are unable to hold that as a matter of law he abused his discretion."

*Rose Printing Co. v. EOS Group,* 155 Ga. App. 743 (272 SE2d 585) (1980) involved a situation wherein the trial judge felt he did not have and therefore did not exercise any discretion as to opening a default. Here he did exercise discretion.

*Judgment affirmed. Quillian, C. J., McMurray, P. J., Banke, Carley and Pope, JJ., concur. Shulman, P. J., Birdsong and Sognier, JJ., dissent.*

DECIDED JUNE 28, 1982 — REHEARING DENIED JULY 14, 1982.

*Panos J. Kanes, W. E. Zachary, Sr.,* for appellant.
*David R. Rogers, Everett D. Caldwell, Verlin Sweat, Jr., A. Ed Lane, Lowell S. Fine,* for appellee.

SOGNIER, Judge, dissenting.

I respectfully dissent. The evidence is not in dispute. The party seeking to open default has made out a case of excusable neglect as defined by our case law, *Cobb County Fair Assn. v. Boyle,* 143 Ga. App. 754, 756 (240 SE2d 136) (1977). I think the trial court abused its discretion in failing to open default. Opening default in the instant case would allow "the case to be decided on its merits — which is what our system of justice is all about." *Houston v. Lowes of Savannah,* 136 Ga. App. 781, 783, 785 (222 SE2d 209) (1975).

Appellant showed promptness and good faith in handling this matter and demanding that the Seays defend the case. Appellant's reliance was due to a reasonable misunderstanding between it and

the Seays' attorney. I find no flaunting of the court's process here. The case is strikingly similar to and controlled by *Cobb County,* supra. See also *American Erectors v. Hanie,* 157 Ga. App. 687 (278 SE2d 196) (1981). Further, no prejudice to any party will be suffered by opening default. The case involving multiple defendants must, in any event, be tried to determine liability. *Rose Printing Co. v. EOS Group,* 155 Ga. App. 743, 745 (272 SE2d 585) (1980).

While the matter was within the discretion of the trial court, the evidence here demanded a finding of excusable neglect and the trial court abused its discretion in denying appellant's motion to open default.

I am authorized to state that Presiding Judge Shulman and Judge Birdsong concur in this dissent.