68048. SEARS, ROEBUCK & COMPANY v. RAMEY.

POPE, Judge.

On May 17, 1983 appellee filed against appellant Sears, Roebuck & Company ("Sears") a suit for property damage in the amount of $28,327.56 allegedly caused by water leakage from a refrigerator and icemaker manufactured by John M. Frey Company ("Frey") and sold and installed by Sears. The complaint was brought in three counts: (1) defective product; (2) negligent installation; and (3) breach of implied warranty. On May 19, 1983 service was accomplished upon Sears' registered agent for service of process, C. T. Corporation. No answer was filed on Sears' behalf until August 18, 1983, at which time costs were paid, and Sears' answer along with a motion to open default supported by a brief were filed.

Sears' motion to open default was denied by order dated October

19, 1983. On the same date, the trial court entered a default judgment against Sears on the issue of liability with only the issue of damages left for trial. By order dated October 21, 1983 the trial court certified for immediate review the October 19, 1983 orders. Sears' motion for reconsideration was denied and application for interlocutory review was made to and granted by this court.

As sworn by the affidavits of Sears' attorneys in amendments to the motion to open default, the following transpired between the May 19, 1983 service of process upon C. T. Corporation and the August 18, 1983 attempt to open the default:

(1) C. T. Corporation forwarded the suit papers to Sears' Territorial Law Department in Atlanta.

(2) On May 24, 1983 these papers were sent by telex to and received by Sears' Product Liability Section in Chicago, Illinois. Copies of the suit papers were also mailed to the Section and received on May 26, 1983.

(3) On May 25, 1983 Anthony Boone, an attorney with Sears' Product Liability Section in Chicago forwarded the suit papers to the icemaker manufacturer, Frey, under cover of letter pointing out that Frey had been initially notified of the claim on August 25, 1981. Further, pursuant to the indemnification agreement between Sears and Frey, Boone's letter, with process enclosed, was explained as being the official tender of the claim. Frey's acknowledgment of its willingness to defend, indemnify and hold Sears harmless under the agreement was also requested in Boone's letter.

(4) On June 13, 1983 Boone telephoned Frey's offices and spoke with Norman Hoeg who told Boone that the suit papers had been forwarded to Frey's insurance carrier for entry of Sears' defense.

(5) Boone again called Hoeg on July 1, 1983; Hoeg told Boone that the carrier had accepted Sears' tender and that a status report would be forthcoming.

(6) On August 17, 1983 Boone telephoned Hoeg, again receiving the same assurances. Additionally, Boone obtained the name of the carrier's agent, Yates. By telephone, Yates confirmed to Boone that the carrier, Commercial Union Insurance Company, had accepted responsibility for the matter.

(7) Later in the day on August 17, Yates telephoned Boone to advise him that, contrary to their previous conversation, the suit papers had not been forwarded to Frey's insurance carrier for entry of a defense on Sears' behalf. Instead, as the result of a clerical error in Yates' office, the papers were still with the agent, Yates.

(8) Upon hearing that Frey's insurer had failed to answer and defend the suit against Sears, Boone arranged for Ronald Reid to represent Sears as local counsel. The next day, August 18, 1983, Reid undertook to open the default by taking the actions heretofore set

out.

"In cases such as this, no two are alike and each must stand on its own merits. The facts in each case are different and you must look at each in the light of the facts peculiar to that particular case. Civil Practice Act § 55 (b) [OCGA § 9-11-55 (b)] provides three ways in which a default may be opened. One of them is *excusable neglect*, provided all other aspects of the law are complied with as to opening a default." *Cobb County Fair Assn. v. Boyle,* 143 Ga. App. 754, 756 (240 SE2d 136) (1977). "Excusable neglect has been defined as referring to 'where there is a *reasonable excuse* for failing to answer.' *Sanders v. American Liberty Ins. Co.,* 225 Ga. 796, 797 (171 SE2d 539) [(1969)]." *Stevens v. Wakefield,* 163 Ga. App. 40, 41 (292 SE2d 516) (1982).

In this case, as in *Cobb County Fair Assn. v. Boyle,* supra, and *American Erectors v. Hanie,* 157 Ga. App. 687 (1) (278 SE2d 196) (1981), the defendant-appellant complied with the statutory provisions for opening default. Thus, the only remaining question is: "Are the facts set out herein supportive of the claim of excusable neglect?" *Cobb County Fair Assn. v. Boyle,* supra at 756. We believe that the factual posture of this case is so strikingly similar to those presented in *Cobb County Fair Assn.* and *American Erectors* that the same result must be reached. "There, as here, there was good cause for the defendant to believe that the suit was being defended by an insurance company. Under the facts here, any neglect by [Sears] in following the progress of the case was excusable." *American Erectors v. Hanie,* supra at 689. Cf. *Howell Enterprises v. Ray,* 163 Ga. App. 68 (293 SE2d 24) (1982). "The law should not blindly impose standards which require individuals, in the conduct of their daily business, to distrust the parties with whom they deal. Likewise, a litigant should not unnecessarily be forced into default as a consequence of having reasonably relied upon the word of his fellow, *particularly* when no innocent party will suffer if the default is opened. The purpose of [OCGA § 9-11-55 (b)] . . . is to furnish relief when, as here, there was an understandable misunderstanding." *Cobb County Fair Assn. v. Boyle,* supra at 756. See *Rose Printing Co. v. EOS Group, Ltd.,* 155 Ga. App. 743 (272 SE2d 585) (1980).

Since the evidence demanded a finding of excusable neglect, the trial court abused its discretion in refusing to open the default. It follows that the subsequent entry of default judgment against Sears was also error.

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 11, 1984.

*Ronald L. Reid, R. Wayne Thorpe,* for appellant.

*Verlyn C. Baker*, for appellee.