## 75061. PERKINS MASONRY CONTRACTORS, INC. v. HOUSING AUTHORITY OF ATLANTA.
(363 SE2d 164)

POPE, Judge.

Appellant Perkins Masonry Contractors, Inc. filed suit against appellee Housing Authority of the City of Atlanta on March 20, 1985

alleging breach of contract. Appellee was served on March 22, 1985. On June 3, 1985 appellee's counsel learned that the case had been placed on the June 20, 1985 default calendar based on appellee's failure to file its answer to the complaint. On June 10, 1985 appellee filed its motion to open default. In support of its argument that its failure to file an answer was based on excusable neglect, appellee showed the following: On March 25, 1985 appellee forwarded a copy of the complaint to its then attorney. By correspondence dated March 29, 1985 appellee's attorney forwarded a copy of appellee's answer to appellant's counsel. Appellee's attorney also forwarded a copy of the answer to appellee along with a letter stating that he had filed the answer. Appellee retained new counsel in May, 1985 who after reviewing the file, including the above correspondence, determined that an answer had been filed. However, when counsel learned that the case had been placed on the motion calendar, he contacted the clerk's office and learned that this was not, in fact, the case.

The trial court found that appellee "was excusably negligent based upon its reliance upon counsel in filing its answer with the court," and granted the motion to open default. The trial court subsequently granted appellee's motion for summary judgment. On appeal, appellant challenges only the trial court's order granting appellee's motion to open default.

OCGA § 9-11-55 (b) "allows a prejudgment default to be opened on one of three grounds if four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. [Cits.]" *Muscogee Realty Dev. Corp. v. Jefferson Co.*, 252 Ga. 400, 401 (314 SE2d 199) (1984). The record in the present case shows that appellee complied with the necessary conditions prior to the opening of the default; hence, the only issue presented for review is whether the trial court abused its discretion in finding that appellee's failure was based upon excusable neglect. As to this issue, the record shows that appellee was prompt and diligent in forwarding a copy of the complaint to its counsel. More importantly, the record also shows that appellee, based upon its attorney's unequivocal, written representation, reasonably believed that its attorney had been equally diligent in filing its answer. Lastly, the record shows that appellant was served with a copy of appellee's answer. "The law should not blindly impose standards which require individuals, in the conduct of their daily business, to distrust the parties with whom they deal. Likewise, a litigant should not unnecessarily be forced into default as a consequence of having reasonably relied upon the word of his fellow, *particularly* when no innocent party will suffer if the default is opened." *Cobb County Fair Assn. v. Boyle*, 143 Ga.

App. 754, 756 (240 SE2d 136) (1977). We believe these words ring especially true when that trust and reliance is placed in the litigant's attorney. Therefore, under the circumstances of the present case, we find that the trial court did not abuse its discretion in opening the default on the ground of excusable neglect. *Donalson v. Coca-Cola Co.*, 164 Ga. App. 712 (1) (298 SE2d 25) (1982); cf. *Millholland v. Stewart*, 166 Ga. App. 431 (1) (304 SE2d 533) (1983); *Howell Enterprises v. Ray*, 163 Ga. App. 68 (293 SE2d 24) (1982); *American Erectors v. Hanie*, 157 Ga. App. 687 (278 SE2d 196) (1981).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED NOVEMBER 16, 1987.

*Bruce E. Pashley*, for appellant.
*Ira P. Bernstein, Debra C. Bracewell*, for appellee.