## A92A2431. MARS, INC. v. MOORE.
### (429 SE2d 299)

JOHNSON, Judge.

On November 15, 1991, Sandra Moore filed this negligence action against Mars, Inc. d/b/a Kal-Kan for injuries she sustained when opening a can of Kal-Kan dog food manufactured by Mars. On November 21, 1991, service of process was accomplished upon Mars' registered agent for service, C. T. Corporation. Mars failed to file an answer within 30 days of service as required by OCGA § 9-11-12 (a). It did not open the default as a matter of right by filing its answer and paying costs within 15 days of default as required by 9-11-55 (a). The trial court denied Mars' motion to open the default, and granted Moore's motion for entry of default judgment as to liability by order dated March 17, 1992. We granted Mars' application for interlocutory appeal to decide whether the trial court abused its discretion in denying its motion to open the default.

The following facts about the default are undisputed: On November 21, 1991, C. T. Corporation mailed the suit papers to Robert DeMaria, a staff officer in Mars' risk management department. On November 26, 1991, DeMaria sent the papers to Richard Serina of C. N. A. Insurance Companies in New York for handling. Along with the suit papers, DeMaria sent a letter directing that C. N. A. send all correspondence to Kal-Kan, Inc. DeMaria testified by affidavit that since he did not hear anything from Serina he assumed that C. N. A. had provided a defense for Mars and filed an answer. On November 27, 1991, Serina received the papers and forwarded them to C. N. A.'s California office for handling. On December 2, 1991, Greg Yeary, a claims supervisor in C. N. A.'s California office, received the papers and mailed them to C. N. A.'s Atlanta office. On December 10, 1991, a claims supervisor in the Atlanta office received the papers, determined that the claim would be handled by C. N. A.'s New Jersey office, and mailed the papers there two days later. Angela Gaita, senior claims representative for C. N. A.'s New Jersey office, received the papers on December 18, 1991 and sent them to Atlanta counsel on December 31, 1991 with instructions that he represent Mars in the action. The attorney received the papers on January 8, 1991. On January 9, 1991, Moore filed her motion for default judgment. That same day, Mars' attorney filed an Entry of Appearance in the case. On January 16, 1991, Mars filed a motion to open default pursuant to OCGA § 9-11-55 (b), supported by the affidavits of Richard DeMaria and the C. N. A. employees previously noted, and attached an answer.

A prejudgment default may be opened on any one of three grounds if four conditions are met. If a party seeking to open a default makes an offer to plead instanter, makes an announcement that he is ready to proceed with a trial on the merits, files an answer set-

ting forth a meritorious defense, and makes a showing under oath that the default occurred due to providential cause, excusable neglect, or that it is otherwise a proper case to open the default, the trial court in the exercise of sound discretion may order the default opened. See *Grayson & Hollingsworth v. C. Henning Studios*, 194 Ga. App. 531, 532 (391 SE2d 8) (1990); see also OCGA § 9-11-55 (b). "Compliance with the four conditions is a condition precedent; in its absence the trial court has no discretion to open the default." Id.

Moore contends that Mars failed to meet one of the conditions for opening the default in that it did not set up a meritorious defense. We disagree. Mars' counsel testified by affidavit that evidence would be presented showing that the can in question was not manufactured by Mars. His affidavit was based upon his investigation of the case, and satisfied the requirement that a party seeking to open a default make a showing that there is a meritorious defense. The record thus shows that Mars satisfied the four conditions precedent which would then authorize the trial court to exercise its discretion in opening the default. See OCGA § 9-11-55 (b). Therefore, the question before this court is whether the facts as noted are supportive of Mars' claim that the delay in filing his answer was attributable to excusable neglect. "Excusable neglect has been defined as referring to where there is a reasonable excuse for failing to answer." (Citations, punctuation, and emphasis omitted.) *Sears, Roebuck & Co. v. Ramey*, 170 Ga. App. 873 (318 SE2d 740) (1984).

We believe that the factual posture of this case is so remarkably similar to those in *Sears*, supra, that the same result must be reached. In *Sears*, as in the instant case, there was a good cause for the appellant to believe that the suit was being defended by an insurance company. " 'The law should not blindly impose standards which require individuals, in the conduct of their daily business, to distrust the parties with whom they deal.' " Id. at 875. Under the facts of this case, any neglect by Mars in following the progress of the case was excusable. See *American Erectors v. Hanie*, 157 Ga. App. 687 (1) (278 SE2d 196) (1981). Moreover, since Mars filed its answer and announced that it was ready to proceed with the case only ten days after it could have opened the default as a matter of right, Moore was not unreasonably prejudiced by the delay.

Since the evidence demanded a finding of excusable neglect, the trial court abused its discretion in denying Mars' motion to open the default. It follows that the subsequent entry of judgment as to liability against Mars was also error.

*Judgment reversed. Pope, C. J., concurs. Carley, P. J., concurs in judgment only.*

914

DECIDED MARCH 10, 1993 —
RECONSIDERATION DENIED MARCH 18, 1993 —

*Webb, Carlock, Copeland, Semler & Stair, Douglas A. Wilde, Daniel J. Huff, Todd M. Yates,* for appellant.
*Ted Marcus,* for appellee.