## A93A2147. SPIKES v. HOLLOWAY.
### (442 SE2d 471)

COOPER, Judge.

Appellee brought suit against appellant for injuries sustained in an automobile accident when appellant allegedly pulled into the path of a vehicle in which appellee was a passenger. We granted appellant's application for interlocutory appeal from the trial court's grant of a default judgment to appellee and the denial of appellant's motion to open default judgment.

Appellee filed suit on August 19, 1992 in Ware County, the county of appellant's residence at the time of the accident. The Ware County Sheriff's Department was unsuccessful in two attempts at service in Ware County. Appellant's attorney received a courtesy copy of the complaint from appellant's employer's insurer on September 14, 1992, as well as a letter instructing counsel to "protect the interest of the insured." Upon receipt of the complaint, counsel's paralegal called the Ware County clerk's office and was told appellant had not been served. Appellee subsequently learned that appellant had moved to Atkinson County since the accident, and appellant was personally served in Atkinson County on November 17, 1992, by leaving a copy of the summons with appellant's wife. Appellant, who could not read or write, testified that he received papers from the Atkinson County Sheriff's Department and that he turned the papers over to his employer, the accident having occurred while appellant was driving his employer's vehicle. The employer testified that he received papers

from appellant and took them to his insurance agency. He testified that it was customary to handle lawsuits in this manner. An employee for the insurance agency testified that the agency never received the complaint. As a result, the complaint was never answered, and the case went into default. On January 7, 1993, appellee filed a motion to transfer the case from Ware County to Atkinson County. Appellant was served a copy of the motion by certified mail. Once again, appellant gave the papers to his employer. However this time, the employer's insurance agent and its insurer received copies of the motion. The insurer sent a copy of the motion to appellant's attorney. The motion to transfer venue indicated on its face that appellant had been duly served in Atkinson County. The paralegal again called the clerk's office and was told that appellant had not been served. The motion to transfer was granted on February 16, 1993, and on March 23, 1993, appellee file his motion for default judgment. The clerk of Atkinson County sent notices of the motion to all the parties. Appellant's counsel learned of the pending motion on April 2, 1993 when he received a facsimile transmission or telephone call from the insurer. The paralegal called both the Ware and Atkinson County clerk's offices and was again informed that appellant had not been served. Shortly after April 2, 1993, counsel received a copy of the case file from the clerk in Atkinson County and discovered that appellant had been served on November 17, 1992. On April 9, 1993, appellant filed his motion to open default. At the hearing on the motions, a Ware County deputy clerk testified that the return of service showing service on November 17, 1992 was not recorded on the form recognized by employees of the clerk's office but instead was recorded on the back side of the second original summons. From September 14 until April 3, 1993 counsel's paralegal telephoned the clerk's offices in Ware and Atkinson Counties several times and was advised as late as April 3, 1993 that appellant had not been served. The court granted appellee's motion for default judgment and denied appellant's motion. The sole issue on appeal is whether there was excusable neglect to forgive appellant's failure to answer the complaint. OCGA § 9-11-55 (b).

Appellant contends that he gave the pleadings to his employer as expected and had good cause to believe that the suit was being defended. However, through no fault of his own, the complaint vanished inexplicably, never getting to the employer's insurer, and an irregular recording of the return of service prevented his attorney from discovering when service was made. In support of his motion to open default judgment, appellant relied on *Powell v. Eskins*, 193 Ga. App. 144 (387 SE2d 389) (1989), wherein this court based a finding of excusable neglect on the fact that the delay in filing the answer was not caused by the defendant but was due to the actions of others upon whom the defendant was entitled to rely. In *Powell*, the court found

that "there was good cause for the defendant to believe that the suit was being defended by an insurance company. Under the facts here, any neglect by [the defendant] in following the progress of the case was excusable. The law should not blindly impose standards which require individuals, in the conduct of their daily business, to distrust the parties with whom they deal. Likewise, a litigant should not unnecessarily be forced into default as a consequence of having reasonably relied upon the word of his fellow, *particularly* when no innocent party will suffer if the default is opened." (Citations and punctuation omitted.) Id. at 145.

Appellee maintains that the trial court properly concluded that excusable neglect was not proven. Appellee contends that while appellant had some responsibility to verify that the case was being handled properly, his attorney's neglect was the primary cause for appellant's failure to answer the complaint. Appellee relies on those cases in which this court held that " '[t]he neglect of the attorney was the neglect of the client, and furnished no reason for setting aside the judgment.' [Cits.]" *U. S. Xpress v. W. Timothy Askew & Co.*, 194 Ga. App. 730 (391 SE2d 707) (1990). Appellee also cites to the following language in *Rahal v. Titus*, 110 Ga. App. 122, 129 (2) (138 SE2d 68) (1964): "The negligence of the client or his attorney in failing to examine the original pleadings in the case is not ground for setting aside the judgment." Appellee contends that counsel unreasonably relied on the representations made by his paralegal and the clerk's offices because the paralegal did not go to the clerk's offices and inspect the records in person; that the mix-up, delay and ultimate failure in responding to the complaint occurred in the attorney's office and not within the offices of the insurer; and that counsel could easily have discovered that appellant had been served by calling appellant or his employer. Appellee contends that counsel's conduct amounted to intentional delay in filing pleadings. See *Womack Indus. v. Tifton-Tift County Airport Auth.*, 199 Ga. App. 237 (1) (404 SE2d 618) (1991). We disagree.

"Excusable neglect has been defined as referring to where there is a *reasonable excuse* for failing to answer." (Citations and punctuation omitted.) *Sears, Roebuck & Co. v. Ramey*, 170 Ga. App. 873, 875 (318 SE2d 740) (1984). "In cases such as this, no two are alike and each must stand on its own merits. The facts in each case are different and you must look at each in the light of the facts peculiar to that particular case." *Cobb County Fair Assn. v. Boyle*, 143 Ga. App. 754, 756 (240 SE2d 136) (1977). At the outset we note that the language to which appellee directed us in *Rahal*, supra, was not used in the context of setting aside a *default* judgment, and we do not find that the alleged negligence on the part of counsel due to his failure to personally inspect the pleadings in the clerk's office is solely dispositive of

the issue of excusable neglect in this case. Cf. *U. S. Xpress*, supra (failure to file answer was due solely to a mistake in the attorney's office and the attorney's busy trial schedule). Clearly, the irregular recording of the return of service and the disappearance of the complaint, both of which occurred through no fault of appellant or his attorney, were factors in the delay in responding to the complaint. In turning over the complaint to his employer, appellant did as he was expected to do. Contemporaneously with this case, a second case was filed against appellant by another victim involving the same accident. The record in that case reflects that after service appellant similarly turned over the pleadings to his employer. The documents were sent on to the insurer and a defense was provided. Likewise, appellant was entitled to believe that the instant case was being handled similarly and that a defense was being provided. See *Powell*, supra. "Moreover, the law favors reaching the merits of disputes. [Cit.]" Id. at 146.

The evidence demanded a finding of excusable neglect. The trial court abused its discretion in refusing to open the default. Accordingly, the entry of default judgment against appellant was erroneous. *Ramey*, supra at 875; *Mars, Inc. v. Moore*, 207 Ga. App. 912, 913 (429 SE2d 299) (1993).

*Judgment reversed. Beasley, P. J., and Smith, J., concur.*

DECIDED MARCH 15, 1994 —
RECONSIDERATION DENIED MARCH 30, 1994 —

*Newton, Smith, Durden, Kaufold & Rice, Wilson Smith*, for appellant.

*Helms & Helms, J. Jeffrey Helms, Jr., Catherine Helms*, for appellee.