A95A1396. THOMPSON v. POTOMAC RIVER FRONT LIMITED PARTNERSHIP.
(458 SE2d 390)

BLACKBURN, Judge.

Potomac River Front Limited Partnership (Potomac) filed an authenticated judgment from the District of Columbia against appellant Robert Thompson, Jr., and two of his law partners in the Superior Court of Fulton County under OCGA § 9-12-130 et seq., the Uniform Enforcement of Foreign Judgments Law (UEFJL). The superior court denied Thompson's motion to stay enforcement of the foreign judgment and concluded that Potomac could proceed to execute the judgment. Thompson now challenges the trial court's ruling, asserting that UEFJL is not applicable since the District of Columbia is not a state. Because the District of Columbia judgment is a foreign judgment as defined in the UEFJL and enforceable in this state, we must affirm the trial court.

Under UEFJL, particularly OCGA § 9-12-131, a foreign judgment is "a judgment, decree, or order of a court of the United States or of any other court that is entitled to full faith and credit in this state." There are no Georgia appellate decisions interpreting this statute as it relates to judgments of the Superior Court of the District of Columbia. The United States Supreme Court, however, has long recognized that the Superior Court of the District of Columbia is a court of the United States. *Embry v. Palmer*, 107 U. S. 3, 10 (2 SC 25, 27 LE 346) (1882); see also *Washington Gas Light Co. v. Hsu*, 478 FSupp. 1262 (D.C. Md. 1979). That superior court was created by the United States Congress pursuant to Article I of the Constitution. *Palmore v. United States*, 411 U. S. 389, 398-399 (93 SC 1670, 36 LE2d 342) (1973). The judgments of courts of the United States have invariably been recognized upon the same footing — concerning the obligations created by them — as domestic judgments of the states wherever and whenever enforcement of those judgments are sought. *Embry*, supra.

Therefore, we must conclude that the District of Columbia judgment is a judgment of a court of the United States and Potomac could seek to enforce the judgment in any court of competent jurisdiction in this state. See OCGA § 9-12-132.

Thompson maintains that OCGA § 9-12-138 restricts the application of the UEFJL in this case. This statutory provision merely sets forth a reciprocity requirement and provides that the Act will apply only to judgments entered in states which have adopted an act substantially similar to UEFJL. Although the District of Columbia is not a state, the district has adopted a similar act. See District of Columbia Court Rules Annotated, § 15-351 et seq. In addition, Thompson's reliance upon the Georgia Foreign Money Judgments Recognition Act is misplaced because that statute applies only to judgments obtained in jurisdictions outside the United States and its insular possessions. OCGA § 9-12-111. See also *Collins v. Peacock*, 147 Ga. App. 424 (1) (249 SE2d 142) (1978). Consequently, the trial court did not err in concluding that the District of Columbia judgment may be enforced against Thompson in this state.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JUNE 8, 1995.

*Thompson & Associates, Robert T. Thompson, Jr., Robert P. Manning*, for appellant.

*Orr & Edwards, W. Fred Orr II, James G. Edwards II*, for appellee.