A12A0133. SHEHADEH et al. v. ALEXANDER.
(727 SE2d 227)

ANDREWS, Judge.

After obtaining a judgment from the courts of Dubai, United Arab Emirates against Abdel Karim Shehadeh in the amount of $500,000, Mark Alexander filed a notice of that judgment in Whitfield County Superior Court. After an evidentiary hearing, the trial court recognized the Dubai judgment under the Georgia Foreign Money Judgments Recognition Act, OCGA § 9-12-110 et seq. On appeal, Shehadeh argues inter alia that the trial court erred when it recognized the Dubai judgment because Alexander failed to show that the Dubai courts recognize judgments of courts of the United States and the several states. See OCGA § 9-12-114 (10). We agree and reverse.

The relevant facts are not in dispute. In 2005, Shehadeh, Alexander, Ahmad Qassab,[1] and one other person executed an operating agreement concerning Hydrajet Technology, LLC, a Georgia company. The operating agreement specified that any disputes "arising out of or in connection with or relating to this Agreement or any breach or alleged breach hereof" would be submitted to arbitration in Dalton, Georgia.

On September 11, 2008, Shehadeh and Alexander entered into an agreement of their own concerning Shehadeh's purchase of Alexander's Hydrajet shares. Litigation concerning this agreement eventually resulted in a judgment by the Dubai Court of Appeals in favor of Alexander in the amount of $500,000 plus fees.

In October 2010, Alexander filed a notice of the Dubai judgment in Whitfield County Superior Court. Attached to the notice was counsel's affidavit concerning the judgment of the Dubai Court of Appeals. In his objections to the notice, Shehadeh asserted that the foreign judgment was unenforceable as contrary to the operating

---

[1] We granted Qassab's motion to intervene in this appeal.

agreement's arbitration clause and because Alexander had made no showing of reciprocity of judgments between the Dubai and United States court systems. In April 2011, Alexander filed an amended notice of the Dubai judgment concerning the affirmance of the Dubai Court of Appeals by the Dubai Court of Cassation. No revised affidavit was filed, however. After an evidentiary hearing, the trial court domesticated the Dubai judgment. Shehadeh's motion for reconsideration was denied.

1. The Georgia Foreign Money Judgments Recognition Act, OCGA § 9-12-110 et seq., applies to foreign powers rather than so-called "sister states" of the United States. *Kronitz v. Fifth Ave. Dance Studio*, 242 Ga. 398, 399 (249 SE2d 80) (1978) (a "foreign state" is one other than the United States or any of its states or territories). The Act's general provision is that a foreign money judgment is "enforceable in the same manner as the judgment of a sister state which is entitled to full faith and credit." OCGA § 9-12-113. OCGA § 9-12-114 provides, however, that a money judgment from a foreign state "shall not be recognized if" any one of ten circumstances exist:

(1) The judgment was rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law;

(2) The foreign court did not have personal jurisdiction over the defendant;

(3) The foreign court did not have jurisdiction over the subject matter;

(4) The defendant in the proceedings in the foreign court did not receive notice of the proceedings in sufficient time to enable him to defend;

(5) The judgment was obtained by fraud;

(6) The cause of action on which the judgment is based is repugnant to the public policy of this state;

(7) The judgment conflicts with another final and conclusive judgment;

(8) The proceedings in the foreign court were contrary to an agreement between the parties under which the dispute in question was to be settled otherwise than by proceedings in that court;

(9) In the case of jurisdiction based only on personal service, the foreign court was a seriously inconvenient forum for the trial of the action; *or*

(10) *The party seeking to enforce the judgment fails to demonstrate that judgments of courts of the United States*

*and of states thereof* of the same type and based on substantially similar jurisdictional grounds *are recognized and enforced in the courts of the foreign state.*

(Emphasis supplied.)

As Shehadeh repeatedly pointed out below, Alexander is the "party seeking to enforce the judgment" of the Dubai courts but has not provided any evidence that "judgments of courts of the United States and of states thereof of the same type and based on substantially similar jurisdictional grounds are recognized and enforced" in Dubai. OCGA § 9-12-114 (10). Alexander has cited no part of the record in support of his assertion that such evidence was before the trial court, and we cannot agree that the trial court could look to Dubai law to resolve this matter of fact.

Counsel admitted at the hearing that he was not "proficient" or "knowledgeable" concerning Dubai law, although he went on to offer testimony concerning the Dubai courts' impartiality. Even assuming that this latter testimony evidence would have been sufficient under OCGA § 9-12-114 (1), however, a party seeking to domesticate a judgment of a foreign state may not assume the validity of that judgment, but must "demonstrate," which means making an *affirmative evidentiary showing*, that the judgment is a product of a legal system that both recognizes and enforces the judgments of the federal and state courts of the United States. OCGA § 9-12-114 (10); see *Eurodis Electron PLC v. Unicomp, Inc.*, 2006 U. S. Dist. LEXIS 26585 at **10-13 (N.D. Ga. 2006) (British solicitor's affidavit that United States judgments "would be recognized and enforced in the courts of England and Wales" was sufficient for purposes of OCGA § 9-12-114 (10)); see also *Environmental Waste Reductions v. Legal Environmental Assistance Foundation*, 216 Ga. App. 699, 702-703 (3) (455 SE2d 393) (1995) (physical precedent only) (reversing a superior court when it failed to defer to an administrative decision based on a party's provision of documentary evidence to satisfy OCGA § 12-8-24 (g)'s requirement that it "demonstrate" participation in an approved waste plan).

Alexander has thus failed to carry his burden of proof on a subject that OCGA § 9-12-114 makes prerequisite to the domestication of the Dubai judgment. It follows that the trial court erred when it domesticated that judgment.

2. In light of the above, we need not reach Shehadeh's additional contentions.

*Judgment reversed. Doyle, P. J., and Boggs, J., concur.*

DECIDED APRIL 11, 2012 —

*Coppedge & Evans, Warren N. Coppedge, Jr., Joseph B. Evans, Stephen Michmerhuizen*, for appellants.

*Robert G. McCurry, Charles W. Smitherman III*, for appellee.