## 40558. MUSCOGEE REALTY DEVELOPMENT CORPORATION et al. v. JEFFERSON COMPANY.

MARSHALL, Presiding Justice.

This case, *Muscogee Realty &c. Corp. v. Jefferson Co.,* 168 Ga. App. 673 (310 SE2d 245) (1983), is here on certiorari. The question for decision is whether the trial judge abused his discretion in refusing to allow two of three co-defendants to open a default created by the fact that their answers to the plaintiff's complaint were filed 31 days, rather than 30 days, after service of the complaint. See OCGA §§ 9-11-12(a) and 9-11-55(b) (Code Ann. §§ 81A-112 and 81A-155). The Court of Appeals held that the trial judge did not abuse his discretion in striking these defendants' responsive pleadings because of this default. These are the facts:

The plaintiff, the Jefferson Company, is a real estate brokerage firm, which is suing the Gentry Company, another real estate brokerage firm, as well as a Dr. Chastain and the Muscogee Realty Development Corporation (which is owned by Dr. Chastain). The plaintiff alleges that it was the procuring cause of the sale of a $1,110,000 parcel of realty to defendants Chastain and Muscogee Realty and that it is therefore due a reasonable commission in the amount of $88,000.

All three of the defendants were initially represented by the same attorney. However, defendants Chastain and Muscogee Realty were served on September 4, 1981, whereas defendant Gentry was not served until September 9. Because service on defendants Chastain and Muscogee Realty had been acknowledged by defendant Chastain, the complaints against them did not reflect the date of service. All three of the complaints were forwarded to the defendants' attorney, who erroneously assumed that all three of the defendants had been served on September 9. The defendants' attorney testified that a secretary in his office who might have caught this error was away at the time. In any event, all of the complaints were answered on October 6, which was one day after the statutory 30-day period with

respect to Chastain and Muscogee Realty and three days prior to the close of the period with respect to Gentry.

The defendants' defense was that the parties' agreement was that the sale of the property was to net the seller $1.2 million, and, if it did not, no commission was to be paid.

After the opening statements of the parties' attorneys at the commencement of the trial, the trial judge noticed that the answers of defendants Chastain and Muscogee Realty were filed one day late. The trial judge therefore declared these defendants in default. The plaintiff voluntarily dismissed defendant Gentry from the suit, thereby avoiding operation of the rule that if the alleged liability of multiple defendants is joint, a default judgment should not be entered against a defaulting defendant or defendants until the nondefaulting defendant or defendants have either defaulted or been adjudicated liable to the plaintiff. *Stasco Mechanical Contractors v. Williamson,* 157 Ga. App. 545 (278 SE2d 127) (1981). The defaulting defendants here paid costs the following day and sought to open the default. However, the trial judge refused to allow it. Our review of the transcript leads us to conclude that the reason the trial judge refused to allow the default to be opened was that the defaulting defendants had not shown "excusable neglect" for the late filing of their answers.

The applicable statutory provision is OCGA § 9-11-55(b) (Code Ann. § 81A-155), which provides: "At any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and shall announce ready to proceed with the trial." As recognized by the Court of Appeals, this Code section allows a prejudgment default to be opened on one of three grounds if four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. E. g., *Johnson v. Dockery,* 222 Ga. 569 (150 SE2d 921) (1966); *Houston v. Lowes of Savannah,* 136 Ga. App. 781 (222 SE2d 209) (1975).

The Court of Appeals affirmed the superior court's denial of the two co-defendants' motion to open the default. In so ruling, the Court of Appeals noted that the question of whether to open a default on one of the three grounds noted above rests within the discretion of the

trial judge. As to the four conditions which must be met in order for a default to be opened, the Court of Appeals further noted that although three of the conditions, i.e., showing made under oath, offer to plead instanter, and announcement of ready to proceed with trial, had clearly been met here, the trial judge might not have considered the proffered defense to be meritorious. *Held:*

For the following reasons, we hold that, as a matter of law, the facts of this case do constitute a "proper case" for opening the default under OCGA § 9-11-55(b) (Code Ann. § 81A-155), and, therefore, the trial judge abused his discretion in refusing to open the default. First, the plaintiff allowed the case to proceed to trial without moving that the defaulting defendants' answers be stricken and/or for a judgment on the pleadings because of the late filing of the answers. Therefore, it must be said that the plaintiff has not been prejudiced by the default and that the interests of truth and justice will be served by allowing these defendants to set up the defenses in their responsive pleadings. See *Copeland v. Carter,* 247 Ga. 542 (277 SE2d 500) (1981); *Strickland v. Galloway,* 111 Ga. App. 683 (143 SE2d 3) (1965) and cits. Furthermore, under OCGA § 9-11-55(a) (Code Ann. § 81A-155) a default may be opened as a matter of right by filing defenses within 15 days of the default, upon payment of costs. E.g., *Hazzard v. Phillips,* 249 Ga. 24 (1) (287 SE2d 191) (1982). Here, the answers were filed within the 15-day grace period, and costs were paid upon the trial judge's noting after the commencement of the trial that two of the defendants' answers had not been filed within the 30-day period. Under these circumstances, the defendants should have been allowed to contest liability as well as damages, in that the facts they have alleged, if believed by the jury, would constitute a meritorious defense. In this regard, see *Clements v. United Equity Corp.,* 125 Ga. App. 711 (188 SE2d 923) (1972); *American Liberty Ins. Co. v. Sanders,* 120 Ga. App. 202 (2) (170 SE2d 249) (1969).

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 4, 1984.

*Henson & Henson, Carlton M. Henson II, Kenneth M. Henson, Jr.,* for appellants.

*Grogan, Rumer & Taylor, Lee R. Grogan,* for appellee.