A89A0903. POWELL v. ESKINS.
(387 SE2d 389)

BEASLEY, Judge.
We granted defendant Powell interlocutory appeal from the trial court's denial of her motion to open and set aside default in this negligence action by Eskins stemming from an automobile collision between the parties in which Eskins was allegedly injured.

The following facts about the default are undisputed. Eskins filed suit on June 13, 1988. On June 16, service was perfected on Illinois resident Powell by service on the Georgia Secretary of State, pursuant to OCGA §§ 40-12-1; 40-12-2. The next day, a copy of the documents was forwarded by registered mail to Powell's Illinois address. The summons and complaint were received at Powell's home on June 27. The next day, Powell's mother delivered the summons and complaint by hand to Jones, an employee of Powell's insurer, Allstate Insurance Company. The mother explained to Jones how the summons and complaint had been received and asked her to handle the matter including expeditious defense of the case.

Jones began an investigation of the circumstances surrounding the incident and discovered that a question existed as to whether liability insurance was in force at the time of the mishap. By error and oversight, Allstate did not forward the delivered summons and complaint to defense counsel in Atlanta until August 19.

On August 23, defense counsel filed an "Entry of Appearance by Counsel, Notification that Defendant Places Damages in Issue and Demand for a Jury Trial by a Twelve Person Jury." Then after determining the reason for the default, on September 27 Powell filed responsive pleadings and a motion to open and set aside the default pursuant to OCGA § 9-11-55 (b), supported by the affidavits of her mother and Jones. Prior to filing defensive pleadings, defendant paid the court costs as certified October 7.

After a hearing on November 29 the trial court denied the motion to open and set aside the default.

OCGA § 9-11-55 (b) "allows a prejudgment default to be opened on one of three grounds if four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. [Cits.]" *Muscogee Realty Dev. Corp. v. Jefferson Co.*, 252 Ga. 400, 401 (314 SE2d 199) (1984).

Powell met the four conditions. The filed appearance, as required by Uniform State Court Rule 4.2, indicated that Powell was ready to plead and proceed with adjudication of the case, court costs were paid, and a meritorious defense was set up. The remaining question was whether or not the facts made out a case for opening default under the statute.

"[T]he question of whether to open a default on one of the three grounds . . . rests within the discretion of the trial judge." Id. at 401-402. However, here as in *Sears, Roebuck & Co. v. Ramey*, 170 Ga. App. 873 (318 SE2d 740) (1984); *American Erectors v. Hanie*, 157 Ga. App. 687 (1) (278 SE2d 196) (1981); and *Cobb County Fair Assn. v. Boyle*, 143 Ga. App. 754, 756 (240 SE2d 136) (1977), " 'there was good cause for the defendant to believe that the suit was being defended by an insurance company. Under the facts here, any neglect by [Powell] in following the progress of the case was excusable.' [Cits.] 'The law should not blindly impose standards which require individuals, in the conduct of their daily business, to distrust the parties with whom they deal. Likewise, a litigant should not unnecessarily be forced into default as a consequence of having reasonably relied upon the word of his fellow, *particularly* when no innocent party will suffer if the default is opened. The purpose of (OCGA § 9-11-55 (b)) . . . is to furnish relief when, as here, there was an understandable misunderstanding.' [Cits.]" *Sears, Roebuck & Co.*, supra at 875. Compare *U. S.*

*Elevator Corp. v. Smyrna Hosp.*, 182 Ga. App. 886 (357 SE2d 322) (1987), where the neglect was the defendant's and not the insurer's.

Moreover, the law favors reaching the merits of disputes. *Houston v. Lowes of Savannah*, 136 Ga. App. 781, 785 (2) (222 SE2d 209) (1975).

The uncontroverted evidence demanded a finding of excusable neglect and, in consequence, the grant of Powell's motion to open default.

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

Decided October 10, 1989.

Chambers, Mabry, McClelland & Brooks, Edwin L. Hamilton, E. Speer Mabry III, for appellant.

Morse & Ontal, Jack O. Morse, for appellee.