A90A0681, A90A0682. WEST v. SMITH et al. (two cases).

(395 SE2d 302)

BANKE, Presiding Judge.

These companion wrongful-death cases are before us on interlocutory appeal from the denial of motions by the appellant to reconsider the entry of default judgments which had been entered against him in the cases.

The complaints were filed on December 6, 1988; and the appellant was served on December 7, 1988, thus giving him until Friday, January 6, 1989, to file his answers. The answers were mailed to the clerk of the court on January 4 but were not filed by the clerk until Monday, January 9, which was the next business day following their due date. The plaintiff-appellees proceeded with discovery and took no action regarding the late filing until May 23, 1989, when they filed their motions for default judgment. The appellant responded by moving to open the defaults; and the trial court subsequently denied those motions, while entering judgments against the appellant on the issue of liability.

The appellees were suing to recover for the loss of their two minor children, who had died as the result of a fire at an apartment owned by the appellant. They alleged in their complaints that the fire had occurred as a result of a faulty electrical wiring system in the apartment. In support of his motions to open the defaults, the appellant averred that the appellees had been notified approximately two months prior to the fire that the premises were unsafe because, among other things, there were too many people living there and there were too many electrical appliances plugged into extension cords. He averred that the appellees were told that they would have to move and were shown a larger apartment but refused to leave. An engineer who had examined the premises after the fire averred that, in his opinion, the fire had resulted from the improper use of an extension cord and not from faulty wiring in the building. *Held*:

Under OCGA § 9-11-55 (b), the trial court has the discretion to open a prejudgment default provided four conditions are met: "(1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense." *Muscogee Realty Dev. Corp. v. Jefferson Co.*, 252 Ga. 400, 401 (314 SE2d 199) (1984). " 'The rule permitting opening of default is remedial in nature and should be liberally applied [cit.], for default judgment is a drastic sanction that should be invoked only in extreme situations. [Cits.] Whenever possible cases should be decided on their merits for default judgment is not favored in law. . . . Generally, a default should be set aside where the defendant acts with reasonable promptness and alleges a meritorious defense. [Cit.]' [Cit.]" *Whitley v. Bank South, N.A.*, 185 Ga. App. 896, 898 (366 SE2d 182) (1988). See also *Ragan v. Smith*, 188 Ga. App. 770 (374 SE2d 559) (1988). The dispute in the present case is over whether a meritorious defense was asserted.

As previously indicated, the appellant's responsive pleadings were timely served but were filed a day late, and discovery proceeded in the case without delay. The appellee made no issue of the lateness of the answer until it was too late for the default to be opened as a

matter of right pursuant to OCGA § 9-11-55 (a), and the appellant has offered evidence under oath which, if believed, would establish a meritorious defense to the complaints. Under these circumstances, it would be a gross injustice to deprive the appellant of the opportunity to defend the actions on the merits; and we accordingly hold that the trial court abused its discretion in refusing to set aside the default judgments and in denying the appellant's motions to open the defaults.

*Judgments reversed. Birdsong and Cooper, JJ., concur.*

DECIDED JUNE 4, 1990 —
REHEARING DENIED JUNE 21, 1990 — CERT. APPLIED FOR.

*Arnall, Golden & Gregory, Jeffery M. Smith, J. Randolph Evans, Theodore L. Marcus*, for appellant.
*William Q. Bird*, for appellees.