A90A1436. SMITH et al. v. ALIMENTA PROCESSING CORPORATION.
(397 SE2d 444)

DEEN, Presiding Judge.

On December 28, 1982, appellant Weeks entered a ten-year lease agreement with appellee in which she agreed to lease a certain tract of land to appellee for $100 per year. At the same time Weeks' brother, appellant Smith, entered an employment contract with appellee to be manager of the facility that appellee intended to establish on the leased premises. Smith was fired on December 21, 1986, and appellee

continued to operate under the lease. On February 27, 1989, appellants filed this lawsuit and asserted fraudulent inducement to enter a contract as one of the counts and argued only this count on appeal. In its answer to the complaint appellee raised the statute of limitation as one of its affirmative defenses. The trial court granted appellee's general motion for summary judgment without specifying the grounds for its ruling. Weeks and Smith appeal that order. *Held*:

The statute of limitation effectively barred appellants' lawsuit, and we must affirm the trial court's order on the basis that it was right for any reason. *State v. Speir*, 189 Ga. App. 254 (375 SE2d 298) (1988).

In *Sears, Roebuck & Co. v. Green*, 142 Ga. App. 770, 772 (237 SE2d 10) (1977), this court held that the four-year statute of limitation contained in Code Ann. § 3-1002 (now OCGA § 9-3-31) was applicable to a claim of fraudulent inducement to enter an express, written contract, and that the statute began to run upon execution of the contract. The court noted that Code Ann. § 3-807 (now OCGA § 9-3-96) was an exception to this general rule that when a plaintiff is "debarred or deterred" from filing suit because of a defendant's fraud, the statutory period commences once the plaintiff discovers the fraud.

In the case sub judice, the statute of limitation bars the appellants' action under both the general rule and the exception. It is undisputed that the lease and employment contract were executed on December 28, 1982. The appellants did not file this lawsuit until more than six years later, clearly untimely under the general rule. Assuming, arguendo, that appellee's fraud did debar or deter appellants from bringing this action, appellant Smith, by his own admission, was aware of this alleged fraud in 1983. Smith testified at his deposition that after a confrontation with one of his supervisors during his first year of work at Alimenta, "I got the distinct impression right then that he would have fired me that morning if he could have . . . So I felt like I was set up. All they wanted from me was the land to put the place on." Therefore, even under the exception provided in OCGA § 9-3-96, the statute of limitation began to run in 1983, and the appellants' action was not timely. Id.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 4, 1990 —
REHEARING DENIED SEPTEMBER 24, 1990 —

Smith, Perry & Epps, Ralph C. Smith, Jr., for appellants.
Lambert, Floyd & Conger, L. Catharine Cox, Kilpatrick & Cody,

*H. Quigg Fletcher III*, for appellee.