A90A1996. MILLER et al. v. TRANAKOS et al.
(402 SE2d 772)

COOPER, Judge.
This interlocutory appeal arises from the trial court's grant of appellees' motion to open defaults and for a continuance of the trial.

Appellants are individuals who invested large sums of money into a tax shelter promoted by their attorney, Arthur P. Tranakos ("Tranakos"). After the Internal Revenue Service determined that the tax shelters were fraudulent, appellants filed two suits, which were consolidated, against Tranakos individually, one of his corporations involved in the fraudulent tax scheme and against the Tranakos Grandchildren Trust, a trust established for the benefit of the five children of Tranakos by their grandfather. Tranakos was the trustee of the trust. In the suits, appellants alleged that the trust was involved in the fraudulent tax scheme, that the trust was the alter ego of Tranakos and that the money invested by the appellants went into the trust. The trust beneficiaries were not served with actual notice of the suits and were not served with a copy of the complaint or any other pleading. In July 1988, default judgments were entered against the defendants, including the trust, due to Tranakos' repeated failure to respond to court orders, failure to appear for depositions and supplying misrepresentations to the court. The beneficiaries of the trust were not notified of the hearing on the defaults, nor were they notified of the entry of the default judgments. During the next year, Tranakos attempted to contest the judgments until the summer of 1989, when he was convicted and sent to prison on a separate matter.

According to the trust beneficiaries, although certain of them were somewhat aware of the pendency of these lawsuits, they were not given any details of the suits by their father and were assured by him that the suits did not involve the trust. Tranakos, as trustee, managed the trust and apparently handled all the details of the trust in a shroud of secrecy. The beneficiaries were at all times unaware of the conduct of Tranakos leading to the entry of the default judgments, and as stated before, were not notified that the judgments had been entered. By affidavit, Peter Tranakos, as a trust beneficiary,

states that when he became aware of the lawsuits his father assured him everything was being done to protect the trust. Nevertheless, Peter suggested to his father that he resign as trustee, yet his father refused. Peter stated that the trust was established in his grandfather's will to benefit himself and his four younger sisters and that to his understanding, his father was never a beneficiary of the trust. Peter had only a general knowledge of the trust assets which included an interest in a rock quarry and some corporate stock. On December 5, 1989, Peter first became aware that a hearing on the issue of damages to be assessed against the trust was scheduled for December 12, 1989. The beneficiaries then obtained independent counsel and specially appeared at the hearing, where they requested an opening of the defaults and a continuation of the trial on damages. In February 1990, the beneficiaries' motions to open the defaults and for a continuance were granted as was appellants' application for immediate review of that order. The appellee herein is technically Tranakos, as trustee for the Tranakos Grandchildren Trust, however, the beneficiaries are the appellees in substance, and we will hereafter refer to "appellees," meaning the beneficiaries.

1. Appellants contend that the defaults should not have been opened on the ground that the beneficiaries were required to be notified of the pending claim against the trust, as notice to the trustee constituted notice to them. In fact, the court's order only stated that the court had "determined from a review of all facts that a proper case had been made for the default as to the Trust to be opened and for a continuance to be granted. . . ." "OCGA § 9-11-55 (b) 'allows a prejudgment default to be opened on one of three grounds if four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. (Cits.)' [Cit.]" *Powell v. Eskins*, 193 Ga. App. 144, 145 (387 SE2d 389) (1989). "Opening a default is a matter resting within the sound discretion of the trial court which will not be disturbed absent an abuse of discretion. [Cit.] However, compliance with the four conditions is a condition precedent to the exercise of this discretion. [Cits.]" *Ellerbee v. Interstate Contract Carrier Corp.*, 183 Ga. App. 828, 834 (4) (360 SE2d 280) (1987). " ' "The rule permitting opening of default is remedial in nature and should be liberally applied (cit.), for default judgment is a drastic sanction that should be invoked only in extreme situations. (Cits.) Whenever possible cases should be decided on their merits for default judgment is not favored in law. . . . Generally, a default should be set aside where the defendant acts with reasonable promptness and alleges a meritorious defense. (Cit.)" (Cit.)' [Cits.]" *West v. Smith*, 196 Ga. App. 69, 70 (395 SE2d 302)

(1990). We have reviewed the record, including the motions filed by appellees and the brief in support thereof, and conclude that the four conditions precedent were met by appellees. There are facts asserted therein which, if believed, would establish a meritorious defense to the complaints. *West,* supra at 71.

Having met the first four conditions, the only question remaining was whether or not the facts made out a case for opening the default under the statute. *Powell,* supra at 145. "[OCGA § 9-11-55 (b)] plainly gives the trial judge the discretion to open a default when he considers a proper case has been made. . . . This is materially different from providential cause and excusable neglect, both of which have been defined in our case law. . . . This third ground for opening default is broader than the other two. Its essence is the discretion of the trial judge." *Houston v. Lowes of Savannah,* 136 Ga. App. 781, 782 (1) (222 SE2d 209) (1975). See *Brake v. Mintz,* 193 Ga. App. 662, 665 (388 SE2d 715) (1989). The trial court had previously recognized that the defenses of Tranakos and the trust were "antithetical to each other" in an order granting appellants' motion to disqualify Tranakos' attorney from future dual representation. By affidavit Peter Tranakos stated that the trust was a testamentary trust established for the benefit of the testator's grandchildren with Tranakos acting as trustee. While the beneficiaries were generally aware that a trust had been created and the assets thereof, after the death of the testator in 1977, Tranakos had managed the affairs of the trust until 1989 without providing any information concerning the affairs of the trust to the beneficiaries. The beneficiaries were unaware of their father's conduct in connection with the instant lawsuits and were not served with any notice of the lawsuits or the defaults. The beneficiaries acted promptly upon discovering the status of the litigation. " ' "[T]he discretion of the trial judge in opening a default and permitting the defendant to plead will not be interfered with by this court unless manifestly abused, to the injury of the plaintiff. [Cits.]" ' [Cits.]" *Ragan v. Smith,* 188 Ga. App. 770, 773 (3) (374 SE2d 559) (1988). Considering the circumstances of this case and after our review of the record, we find no abuse of discretion by the trial court in the opening of the defaults.

2. Appellants' assertion that prior rulings of this court and the Supreme Court affirming the default judgments granted in their favor should not be set aside is without merit. In the four years that these suits have been in litigation, this court has entertained five appeals, four of which were dismissed by unpublished order and one of which was transferred to the Supreme Court; the Supreme Court has affirmed two appeals without opinion. None of these appeals considered or ruled upon the entry of the default judgments.

3. Appellants insist that prior to the motions of the beneficiaries

a consent judgment was agreed to by "all parties" to the case, including Tranakos as trustee for the trust. Appellants contend that the consent judgment was presented to the trial judge for his signature, and that the case should be remanded with instructions to enter the consent judgment against Tranakos and the trust. The beneficiaries dispute the validity of the proposed consent judgment on the ground that it was not binding on them because it was never accepted or entered by the court, or agreed to by them personally, and thus any consent by Tranakos on behalf of the trust would be ineffectual. They further argue that counsel for Tranakos never signed the agreement and that said counsel stated at the December 12, 1989 hearing that any consent thereto was conditioned on approval of the beneficiaries, who expressly did not approve the agreement. However, neither party has provided citation to the record of this document as required by Rule 15 (a) and (b) of the Court of Appeals, and our search of the record transmitted on appeal has failed to disclose its presence. Nor is there any transcript of the hearing to show if such order were submitted to the trial court. The burden is on the one who asserts error to show it affirmatively by the record, and the briefs of the parties cannot be used in lieu thereof for adding evidence to support or refute a claim. *Gurly v. Hinson*, 194 Ga. App. 673 (4) (391 SE2d 483) (1990).

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 22, 1991.

*Robert A. Moss*, for appellants.

*Michael D. Bolen, Sutherland, Asbill & Brennan, John H. Fleming, Laura M. Shamp*, for appellees.

*Arthur P. Tranakos*, pro se.