### A93A1413. SAGNIBENE et al. v. BUDGET RENT-A-CAR SYSTEMS, INC.
#### (432 SE2d 639)

BLACKBURN, Judge.

The appellants, Joe and Christine Sagnibene, filed the instant negligence action against the appellee, Budget Rent-A-Car Systems, Inc. as a result of an automobile collision of April 1, 1990, in which the appellants were injured and their automobile was substantially damaged due to the negligence of the driver of appellee's vehicle. The automobile had been rented to Megan Ellefson, but at the time of the accident, it was being driven by Fred Arnold with the permission of Megan Ellefson. The defendant was properly served with a copy of the complaint, but failed to file a responsive pleading within 45 days. As a result, the trial court granted a default judgment to the plaintiffs on the issue of liability. One month later, the defendant moved the court to open the default, asserting that its failure to timely respond to the complaint was the result of excusable neglect, and attached its answer and defenses to the action. Based upon the briefs of the parties, arguments presented at the hearing on the motion, and the defendant's payment of all accrued costs, the trial court opened the default, and permitted the defendant's filing of its defensive pleadings. The defendant subsequently moved for summary judgment, which was granted by the trial court, and the action was dismissed with prejudice. This appeal followed. The plaintiffs have an action pending against Megan Ellefson in the State Court of Jones County.

1. In their first enumeration of error, the plaintiffs contend that the trial court erred in granting summary judgment in favor of the defendant because the company, as owner of the subject vehicle, failed to provide the requisite insurance coverage on the vehicle in question. We disagree.

The record viewed in the light most favorable to the plaintiffs shows that the defendant was authorized by the Commissioner of Insurance to transact business in this state as an automobile self-insurer in reference to automobile liability and motor vehicle accident insurance. In fact, the rental agreement entered into between the defendant and Ellefson, indicated that Ellefson, as the renter, and all authorized drivers, would be provided with liability coverage in accordance with the standard provisions of a basic automobile liability insurance policy or in accordance with the requirements of a qualified self-insurer of such coverage. Although the plaintiffs assert in their complaint that the defendant, as the owner of the automobile

involved in the collision, "failed to assure the minimal coverage required by Georgia Law [specifically, OCGA § 33-34-4]," the record shows that the defendant complied with the statutory requirements by providing insurance for the automobile as a qualified self-insurer. OCGA § 33-34-4 specifically provides that "[n]o owner of a motor vehicle required to be registered in this state or any other person, *other than a self-insurer as defined in this chapter,* shall operate or authorize any other person to operate the motor vehicle unless the owner has motor vehicle liability insurance equivalent to that required as evidence of security for bodily injury and property damage liability under Chapter 9 of Title 40, the 'Motor Vehicle Safety Responsibility Act.'" (Emphasis supplied.) This statute does not apply to the defendant as the record shows that the defendant has been authorized to transact business in this state as a self-insurer.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). Inasmuch as there is an absence of evidence supporting the plaintiffs' claim that the defendant did not comply with OCGA § 33-34-4, summary adjudication was proper as a matter of law. Although the plaintiffs assert in a statement labeled as enumeration of error three that they are entitled to bring a direct action against the insurer because of its failure to locate the driver of the automobile, this court has held in *Grant v. Jones,* 168 Ga. App. 690, 691 (310 SE2d 272) (1983), "[o]wnership of a vehicle alone is not sufficient to establish an owner's liability." Consequently, these enumerations are without merit.

2. Based upon our decision in Division 1, we need not address plaintiffs' second enumeration of error concerning the appropriateness of the trial court's dismissal of the action "with prejudice."

3. In their fourth enumeration of error, the plaintiffs contend that the trial court erred in opening the default judgment. We conclude that this enumeration is also without merit.

OCGA § 9-11-55 (b) specifically provides that "[a]t any time before final judgment, the court, in its discretion, upon payment of

costs, may allow the default to be opened for providential cause. . . ." "The discretion of the trial judge in opening a default and permitting the defendant to plead will not be interfered with by this court unless manifestly abused, to the injury of the plaintiff." (Citations and punctuation omitted.) *Miller v. Tranakos*, 198 Ga. App. 668, 670 (1) (402 SE2d 772) (1991). "The rule permitting opening of default is remedial in nature and should be liberally applied, for default judgment is a drastic sanction that should be invoked only in extreme situations. Whenever possible cases should be decided on their merits for default judgment is not favored in law. Generally, a default should be set aside where the defendant acts with reasonable promptness and alleges a meritorious defense." (Citations and punctuation omitted.) Id. at 669.

In the instant case, the defendant mistakenly believed that this action was being defended by counsel selected by an independent adjuster to whom the summons and complaint had been forwarded. Within one week after the defendant received information indicating that a default judgment had been entered, counsel was immediately retained by the defendant and moved for the opening of the default, asserting its defense to liability under the terms of the lease agreement. The defendant also paid all of the accrued costs and announced ready to proceed at trial. See *C. W. Matthews Contracting Co. v. Walker*, 197 Ga. App. 345 (398 SE2d 297) (1990). In *Powell v. Eskins*, 193 Ga. App. 144 (387 SE2d 389) (1989), this court reversed the trial court's failure to open a default judgment where an insurance carrier untimely forwarded a copy of the summons and complaint to defense counsel. The court concluded that there was good cause for Powell to believe that the suit was being defended by the insurance company and any neglect by Powell in following the progress of the case was excusable. "The law should not blindly impose standards which require individuals, in the conduct of their daily business, to distrust the parties with whom they deal. Likewise, a litigant should not unnecessarily be forced into default as a consequence of having reasonably relied upon the word of his fellow, *particularly* when no innocent party will suffer if the default is opened." (Punctuation omitted.) Id. at 145. "Considering the circumstances of this case and after our review of the record, we find no abuse of discretion by the trial court in the opening of the [default]." *Miller*, supra at 670.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED JUNE 14, 1993.

*Sinnreich & Francisco, Elizabeth R. Francisco*, for appellants.

*Gray, Gilliland & Gold, David S. Currie,* for appellee.