A98A0804. SCRUGGS v. INTERNATIONAL INDEMNITY COMPANY.
(505 SE2d 267)

Judge Harold R. Banke.

In this declaratory judgment action, Raymond Leon Scruggs, individually and d/b/a Scruggs Pallett, and Donnie Leon Scruggs, (collectively "Scruggs") appeal the trial court's order granting summary judgment to International Indemnity Company ("IIC"). Scruggs enumerates two errors.

This case arose when a flat-bed truck owned by Raymond Scruggs d/b/a Scruggs Pallett and driven by Scruggs' son, Donnie, collided with Linda Clowdis' car. The truck was insured by IIC. Scruggs' policy provided maximum coverage of $15,000 per person, $30,000 per accident, and $10,000 for property damage.

After the collision, Clowdis entered into a settlement agreement with IIC, which paid her $15,000 for bodily injury and $10,000 for property damage, thereby exhausting the policy's limit of liability per occurrence. In return, Clowdis executed a release of all claims. State Farm, Clowdis' uninsured motorist provider, paid $2,377.50 in property damage and $45,000 in bodily injury coverage to Clowdis.

A year later, State Farm commenced a subrogation action against Scruggs seeking reimbursement for the uninsured motorist payments it disbursed to Clowdis. IIC has defended Scruggs in that action under a reservation of rights. IIC also commenced this action seeking a declaratory judgment on the grounds that under the policy its duty to defend Scruggs ended when it paid the policy limits to Clowdis. The trial court apparently endorsed this theory, summarily granting summary judgment to IIC. *Held*:

1. Scruggs maintains the trial court erred in finding that IIC had

no duty to defend Scruggs individually and d/b/a Scruggs Pallett. We disagree.

The policy clearly states, "Our payment of the liability insurance limits ends our duty to defend or settle." Inasmuch as it is undisputed that IIC's payment to Clowdis met the policy limits, this language appears to absolve IIC from its duty to defend here. See *Anderson v. U. S. Fidelity &c. Co.*, 177 Ga. App. 520, 521 (339 SE2d 660) (1986) (terms of the policy determine insurer's duty to defend).

Scruggs argues, however, that notwithstanding the plain language of the policy, IIC has a continuing duty to defend them because IIC gratuitously assumed their defense. We disagree.

The record clearly shows that IIC timely undertook their defense under a full reservation of rights which informed Scruggs that it had retained an attorney to seek a declaration on its duty to defend. IIC also notified Scruggs that it had retained another attorney to represent Scruggs in the subrogation case. These circumstances, among other things, distinguish the authority on which Scruggs relies. Compare *Gibson v. Preferred Risk Mut. Ins. Co.*, 216 Ga. App. 871, 873 (456 SE2d 248) (1995). In light of Scruggs' failure to present any evidence showing why the reservation of rights was invalid, we must reject his assertion that IIC had a continuing duty to defend. See *Jacore Systems v. Central Mut. Ins. Co.*, 194 Ga. App. 512, 513 (1) (390 SE2d 876) (1990).

2. Scruggs contends that IIC's duty to defend remained due to prejudice caused by IIC's failure to include them in Clowdis' release. Their failure to provide proof that they were excluded from the release forecloses this argument. They offer no record citation for the documents evincing that alleged fact and we are unable to find the release in the record on appeal.[1] Court of Appeals Rule 27 (c) (3) (i); *Barton v. State*, 199 Ga. App. 363, 364 (3) (405 SE2d 92) (1991) (appellant bears the burden of affirmatively showing error by the record); *Miller v. Tranakos*, 198 Ga. App. 668, 671 (3) (402 SE2d 772) (1991). Moreover, this argument was not raised at the trial level and therefore is not preserved for review. *Glisson v. Hosp. Auth. of Valdosta & Lowndes County*, 224 Ga. App. 649, 655 (2) (481 SE2d 612) (1997).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 5, 1998.

---

[1] IIC presented an affidavit from its vice-president attesting that a full and complete release of all claims was obtained. In its brief, IIC asserts that Scruggs defendants were included in the release.

*Joseph M. Todd*, for appellant.
*Lane, O'Brien & Caswell, Stephen J. Caswell, David E. Keystone, Michael A. Penn*, for appellee.