### A01A1152. KAYLOR v. ATWELL et al.
(553 SE2d 868)

MIKELL, Judge.

Plaintiff Ted G. Kaylor, Jr., who began teaching in the Rome City School System ("Rome") in 1972, was suspended without pay for 23 days beginning on November 10, 1992, after making an inappropriate sexual remark to a female high school student. An investigation ensued. On September 28, 1993, defendant Larry B. Atwell, Rome's superintendent, sent a letter to Kaylor notifying him that Atwell intended to terminate Kaylor's employment contract pursuant to the Fair Dismissal Act, OCGA § 20-2-940 (a). Kaylor agreed to resign in lieu of termination. The settlement agreement he entered into with Rome provided that Atwell and defendant Pamela Hamilton, Rome's director of personnel, "will agree to respond to any future requests for references by providing only Mr. Kaylor's dates of employment with the system and the fact that he resigned. If asked, they will indicate that they have agreed to provide no additional information." The agreement also stated that Atwell's letter to Kaylor and all references to the termination procedure would be removed from his file and replaced with his letter of resignation. Kaylor subsequently tendered his resignation.

In July 1994, Kaylor applied for a teaching position with the Polk County School System ("Polk") but was turned down. Kaylor deposed that Polk refused to hire him because of a negative recommendation given by Atwell and by Rome's assistant superintendent, Gayland Cooper, who is not party to this litigation. In October 1994, Kaylor applied for unemployment compensation benefits, which were denied. Kaylor deposed that the denial was based on information Hamilton provided to the state Department of Labor concerning the circumstances surrounding his resignation.

On February 13, 1998, Kaylor filed the instant action against Atwell, Hamilton, and "Rome City Schools," asserting four causes of action: breach of contract, intentional infliction of emotional distress, tortious interference with business relations, and invasion of privacy. The defendants, who were served on February 16, filed their answer on March 19, asserting, inter alia, that the statute of limitation had expired on the tort claims and that "Rome City Schools" was not a proper party defendant. Defendants propounded discovery, to which Kaylor failed to respond. On September 17, 1998, the trial court, in

response to defendants' motion to compel, dismissed the complaint. Kaylor filed discovery responses and a motion to vacate the dismissal order. Further, Kaylor informed the court that he would agree to pay the defense $500 in attorney fees. The trial court granted Kaylor's motion to vacate on October 26, reserving the issue of attorney fees to a later date.

Kaylor then refused to sign a consent order for attorney fees. On December 1, Kaylor moved for the entry of default judgment, showing that the defendants filed their answer one day late and failed to file a motion to open default or to pay costs, as required by OCGA § 9-11-55. The trial court entered a default judgment as to liability. Defendants moved to open the default and set aside the judgment, attaching the affidavit of a paralegal who averred that she had inadvertently miscalculated the filing deadline by one day. Defense counsel Phillip L. Hartley tendered an affidavit for the purpose of setting forth a meritorious defense. Counsel also averred that he was unaware that the answer had been untimely filed until December 4, when he was served with Kaylor's motion for a default judgment. The defendants paid court costs. After a hearing the court vacated its prior order, holding, inter alia, that Kaylor had waived his right to the entry of a default judgment.

Kaylor next filed a motion to recuse attorney Hartley, contending that certain of Hartley's averments in his affidavit showed that he was a material witness. The motion was denied. All defendants then moved for summary judgment, which was granted. Kaylor appeals. We affirm.

1. Kaylor first asserts that the trial court erred in setting aside the default judgment. Although Kaylor has abandoned this enumerated error by failing to support it with citation to the record or reasoned argument,[1] we will address it nevertheless. "The rule permitting opening of default is remedial in nature and should be liberally applied, for default judgment is a drastic sanction that should be invoked only in extreme situations. Whenever possible cases should be decided on their merits for default judgment is not favored in law."[2] OCGA § 9-11-55 (b) "plainly gives the trial judge the discretion to open a default when he considers," based upon all the facts, that a proper case has been made.[3] The trial judge's exercise of his discretion will not be overturned on appeal absent manifest abuse.[4]

---

[1] Court of Appeals Rule 27 (c) (2).

[2] (Citations omitted.) *Ewing v. Johnston*, 175 Ga. App. 760, 764 (1) (c) (334 SE2d 703) (1985).

[3] (Punctuation omitted.) *Miller v. Tranakos*, 198 Ga. App. 668, 670 (1) (402 SE2d 772) (1991).

[4] *Pleats, Inc. v. OMSA, Inc.*, 211 Ga. App. 643, 645 (440 SE2d 214) (1993).

No such abuse of discretion occurred in the case at bar. The tardiness of the answer was due to a one-day mathematical miscalculation; Kaylor did not assert the default within the fifteen-day period during which it could have been opened as a matter of right pursuant to OCGA § 9-11-55 (a), but waited instead eight months to do so after he had been compelled to provide discovery; the defense asserted in the answer was meritorious; the defendants filed their motion to open the default shortly after receiving notice of the judgment; and Kaylor has demonstrated no prejudice to his case by the opening of the default. Accordingly, the trial court did not abuse its discretion in determining that this was a proper case for opening default.[5]

2. In his third enumeration of error, Kaylor attacks the grant of summary judgment to the defendants on his breach of contract claim.[6] This Court conducts a de novo review of the law and the evidence when reviewing the grant of a motion for summary judgment.[7] To prevail on summary judgment, a defendant must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the plaintiff, warrant judgment as a matter of law.[8] A defendant may discharge his burden by demonstrating an absence of evidence to support the plaintiff's case. If the defendant discharges this burden, the plaintiff cannot rest on his pleadings, but rather must point to specific evidence giving rise to a triable issue.[9]

In the instant case, the trial court ruled that defendants Atwell and Hamilton were not parties to Rome's agreement with Kaylor and thus were not bound by its terms. We find it unnecessary to address this ruling, however, as we find that the individual defendants sustained their burden of demonstrating the nonexistence of genuine issues of material fact. A summary judgment right for any reason will be affirmed.[10] We therefore affirm the grant of summary judgment to defendants Atwell and Hamilton on Kaylor's breach of contract claim.

(a) *Defendant Hamilton.* Kaylor produced no evidence showing that Hamilton breached her agreement not to provide third parties with information concerning his resignation. The only reference to

---

[5] *Whitley v. Bank South*, 185 Ga. App. 896, 898 (2) (366 SE2d 182) (1988). See also *West v. Smith*, 196 Ga. App. 69, 70 (395 SE2d 302) (1990) ("Generally, a default should be set aside where the defendant acts with reasonable promptness and alleges a meritorious defense.") (punctuation omitted).

[6] Kaylor has not assigned error to the trial court's ruling that his tort claims are barred by the expiration of the two-year statute of limitation. OCGA § 9-3-33.

[7] *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

[8] OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[9] OCGA § 9-11-56 (e); *Richard Haney Ford, Inc. v. Ford Dealer Computer Svcs.*, 218 Ga. App. 315, 318 (2) (a) (461 SE2d 282) (1995).

[10] *Nairon v. Land*, 242 Ga. App. 259 (529 SE2d 390) (2000).

Hamilton in Kaylor's deposition is his "understanding" that Hamilton disclosed the reasons for his resignation to the state Department of Labor, resulting in the denial of his unemployment compensation benefits. Even if this allegation were true, it could not result in Hamilton's liability. We have previously held that a personnel director's communication to the labor department of the reasons for discharging an employee was absolutely privileged under OCGA § 34-8-122 (a).[11] Here, too, any communication Hamilton may have made to the department in connection with Kaylor's claim for benefits was absolutely privileged.

(b) *Defendant Atwell.* Atwell's affidavit, submitted in support of defendants' motion for summary judgment, averred that he never received a request for a reference concerning Kaylor from Polk, its superintendent, or any administrator employed by Polk; that he never provided any information to Polk about Kaylor; and that the only request for a reference to which he responded came from the Floyd County Sheriff's Department.[12] In the letter, Atwell divulged only the dates of Kaylor's employment and the fact that he resigned. The letter further stated: "Based on the advice of our attorney and in accordance with our agreement with Mr. Kaylor, we are providing no other information."

In opposition to the defendants' summary judgment motion, Kaylor tendered the affidavits of Byron Nix, a Polk high school principal, and Richard Carlisle, who was the principal of Rome High School during Kaylor's tenure. Nix's affidavit contains a conclusory allegation that Kaylor was not hired to fill an available teaching position at Rockmart Middle School "because of a negative recommendation given by [Atwell]." However, it is apparent from Kaylor's deposition testimony that Nix's statement is based on hearsay. Kaylor deposed that Nix had never suggested that he had spoken with any person employed by Rome. Rather, Kaylor claimed that Nix reported to him that Atwell had had a conversation with Polk's superintendent. Moreover, Kaylor deposed that the alleged conversation took place after Cooper, Rome's assistant superintendent, had already provided a negative recommendation to the principal of Rockmart Middle School, Jerry Buttrum. The record contains no affidavit from Polk's superintendent. "It is well-established that all hearsay evidence, unsupported conclusions, and the like, must be stricken or eliminated from consideration in a motion for summary judgment."[13]

---

[11] *Davis v. Copelan,* 215 Ga. App. 754 (452 SE2d 194) (1994).
[12] Kaylor deposed that the sheriff's department hired him in October 1997 and he remains employed there as a deputy sheriff.
[13] (Punctuation omitted.) *State Farm &c. Ins. Co. v. Swetmon,* 228 Ga. App. 538, 539 (492 SE2d 678) (1997).

Nix's allegation lacks probative value and cannot rebut Atwell's affidavit that he gave no information to Polk. Additionally, Carlisle's affidavit attests to matters that occurred prior to Kaylor's resignation and is thus irrelevant to his breach of contract claim. It follows that Atwell and Hamilton have carried their burden of demonstrating that there was no genuine issue of fact requiring jury resolution.

(c) *Defendant Rome City Schools.* In its answer and motion for summary judgment, Rome asserted that it was not a proper party defendant and that the correct governmental entity was the Rome City School District. Kaylor never sought to amend his pleadings to correct the misnomer, as permitted by OCGA §§ 9-10-132 and 9-11-15. The trial court ruled that "Rome City Schools" is not a legal entity capable of being sued and granted it summary judgment on that basis.[14] Because Kaylor has not enumerated this ruling as error, he has waived appellate review of the issue.[15]

3. Finally, Kaylor enumerates as error the denial of his motion to disqualify defense counsel. However, our affirmance of the grant of summary judgment to all defendants renders this issue moot.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED AUGUST 17, 2001.

*Bruce A. Kling,* for appellant.
*Harben & Hartley, Phillip L. Hartley, Steven M. Tapper,* for appellees.

---

[14] See *Cook v. Colquitt County Bd. of Ed.*, 261 Ga. 841 (412 SE2d 828) (1992).
[15] *Tidwell v. Coweta County Bd. of Ed.*, 240 Ga. App. 55, 56 (2) (521 SE2d 889) (1999).