A02A2289. GRIFFIN v. RUTLAND.
(578 SE2d 540)

SMITH, Chief Judge.

Appellant Wanda Griffin appeals from the trial court's order setting aside a default judgment she obtained against Bruce Rutland, as well as the subsequent order granting summary judgment to Rutland on the basis of expiration of the two-year statute of limitation for personal injury claims. Because setting aside the judgment and opening default were within the trial court's discretion, and because Griffin's suit was filed well outside the applicable statute of limitation, we affirm the judgment of the trial court.

The single-car collision leading to this action occurred on May 18, 1997, and the complaint was not filed until June 4, 1999. In an attempt to forestall a statute of limitation defense, Griffin contended in her complaint that Rutland had moved to Florida for three or four weeks in March 1998 with the intent of residing there and therefore tolled the statute under OCGA § 9-3-94.[1] A default judgment as to liability only was granted on July 28, 1999, and Rutland moved to set aside the judgment and open default on August 12, 1999. The trial court set aside the judgment and opened the default on May 15, 2000.

1. Rutland complied with the requirements of OCGA § 9-11-55 (b) with respect to opening default. He paid all court costs, announced ready for trial, offered a meritorious defense (the statute of limitation) in his motion and his verified answer, and offered a showing of providential cause or excusable neglect under oath. According to his affidavit, Rutland forwarded the summons and complaint to his insurance company, which referred the case to an attorney in Albany. The attorney contacted Rutland, spoke with him, and entered an appearance on his behalf. Due to a clerical error, however, the time for answering the complaint was not entered on the law firm's docket control system or calendar.

---

[1] Griffin does not enumerate the summary judgment or failure to apply OCGA § 9-3-94 as error on appeal. OCGA § 9-3-94 is inapplicable here in any event, as Rutland returned to Georgia over a year before Griffin filed suit, and Griffin has not shown that service was impossible. See *Gould v. Latorre*, 227 Ga. App. 32, 33 (2) (488 SE2d 116) (1997).

This aspect of the appeal is controlled by *Sagnibene v. Budget Rent-A-Car Systems*, 209 Ga. App. 44 (432 SE2d 639) (1993), a decision with very similar facts. There, as here, the defendant forwarded the summons and complaint to an insurance adjuster and believed that the case would be defended by counsel. As soon as the defendant learned that default judgment had been entered, counsel was retained and the appropriate statutory procedure was taken to open the default judgment. Noting that "the discretion of the trial judge in opening a default and permitting the defendant to plead will not be interfered with by this court unless manifestly abused, to the injury of the plaintiff," (citation and punctuation omitted) id. at 46 (3), we affirmed the trial court's decision to open the default. Quoting *Powell v. Eskins*, 193 Ga. App. 144 (387 SE2d 389) (1989), in which we reversed the trial court's refusal to open a default judgment under similar circumstances, we observed:

> The law should not blindly impose standards which require individuals, in the conduct of their daily business, to distrust the parties with whom they deal. Likewise, a litigant should not unnecessarily be forced into default as a consequence of having reasonably relied upon the word of his fellow, *particularly* when no innocent party will suffer if the default is opened.

(Citation and punctuation omitted.) Id. at 145. Here, Rutland's belief that the matter was being handled was if anything more than reasonable; he not only forwarded the complaint to his insurer, but he also spoke to counsel regarding the defense of the case and believed that an answer would be filed. Like the defendant in *Shortnacy v. North Atlanta Internal Medicine*, 252 Ga. App. 321, 324 (1) (556 SE2d 209) (2001), he "was assured, at least once, that the matter was being attended to." The trial court's decision was clearly within its discretion, and Griffin has demonstrated no manifest abuse.

2. All Griffin's enumerations of error are based upon her contention that the trial court abused its discretion and failed to require Rutland to comply strictly with the requirements of OCGA § 9-11-60 (d) rather than the more liberal standard of OCGA § 9-11-55 (b). This is incorrect, for two reasons.

First, the default judgment, granted only as to liability, "did not constitute a 'final' judgment which would preclude the application of the liberal criteria set forth in OCGA § 9-11-55 (b) for opening default." *Cryomedics, Inc. v. Smith*, 180 Ga. App. 336, 337 (349 SE2d 223) (1986). "[A] judgment is not final unless it disposes of the entire controversy, leaving nothing for the trial court to do in the case. The trial court's 'Default Judgment' did not dispose of the entire contro-

versy; it merely decided the issue of liability." (Punctuation and footnote omitted.) *Rapid Taxi Co. v. Broughton*, 244 Ga. App. 427, 428 (1) (535 SE2d 780) (2000). The trial court's judgment was not a final order, and therefore the motion to set aside the default was timely. Id.

Second, Griffin mistakenly asserts that the judgment became final because the trial court's order was not entered in the same term as the original judgment. Rutland's motion was filed within the term,[2] and it is well established that a trial court has the "inherent power to amend or set aside a judgment for any meritorious reason, provided the motion to set aside is filed during the term in which the judgment was rendered." (Citation and punctuation omitted.) *Stone v. Dawkins*, 192 Ga. App. 126 (384 SE2d 225) (1989). And "[a] motion to set aside a judgment filed during the same court term the judgment is entered may be acted upon at a subsequent term. [Cit.]" *Maslia v. Hamilton*, 239 Ga. 52 (235 SE2d 485) (1977). See also *Young Constr. v. Old Hickory House #3*, 210 Ga. App. 559, 561-562 (2) (b) (436 SE2d 581) (1993). Curiously, Griffin cites both *Maslia* and *Young Constr.*, but appears to believe that the phrase "*a* subsequent term" means only *the* immediately subsequent term. This is incorrect. See, e.g., *Goode v. O'Neal, Banks & Assoc.*, 165 Ga. App. 162 (300 SE2d 191) (1983). *Lee v. Restaurant Mgmt. Svcs.*, 232 Ga. App. 902 (503 SE2d 59) (1998), relied on by Griffin, is inapposite here because in *Lee* the motion was not filed until after the subsequent term of court began. Id. at 903 (1). Moreover, it is somewhat disingenuous for Griffin to raise this argument, since she moved for and received from the trial court an extension of time to respond *outside the term* to the motion to set aside default.

The remainder of Griffin's enumerations of error — that Rutland failed to show fraud, accident, or mistake unmixed with the negligence or fault of the movant, that he failed to show a nonamendable defect on the face of the complaint,[3] and that he failed to assert the statute of limitation as an affirmative defense — are all based upon Griffin's mistaken assertion that the default judgment could only be attacked under the provisions of OCGA § 9-11-60 (d) rather than the broader discretionary power to address a motion to set aside brought in the same term of court. All therefore are without merit.

---

[2] The relevant term of court began June 7, 1999, and the following term began September 6, 1999. Former OCGA § 15-6-3 (39) (B). The default judgment was entered on July 28, 1999, and the motion to set aside the judgment and open default was filed August 12, 1999, in the same term.

[3] Rutland vigorously argues that the expiration of the statute of limitation appears on the face of the complaint and is thus a nonamendable defect appearing on the face of the pleadings under OCGA § 9-11-60 (d) (3). But we need not consider that point.

3. Griffin does not enumerate the grant of summary judgment as error other than as part of her waiver argument, above, contending that Rutland failed to raise the statute of limitation as an affirmative defense (apparently in his first counsel's entry of appearance) and that the default judgment therefore "forever foreclosed as a matter of law" the use of this affirmative defense. But "[w]hen a default judgment has been granted and is then set aside . . . the case returns to the posture it occupied prior to the default judgment." *Bank of Cumming v. Moseley*, 243 Ga. 858 (257 SE2d 278) (1979). Once the motion to set aside and to open default was granted, Rutland was permitted to file an answer, and he asserted the statute of limitation as an affirmative defense. This constituted his "responsive pleading," and his assertion of the defense there as well as in his motion to open default was proper. Compare *A. G. Spanos Dev. v. Caras*, 170 Ga. App. 243, 244 (3) (316 SE2d 793) (1984) ("Since Caras failed to include his contention of improper service in his motion to open the default or in his answer, he has waived that defense. [Cit.]"). Griffin's assertion that the defense was waived is therefore without merit. Also without merit is her claim that the entry of appearance filed by Rutland's first attorney was a "responsive pleading," and the failure to include his affirmative defenses there did not waive them. If an entry of appearance constituted an answer, there would have been no default in the first place. Moreover, we have held that an "appearance card" is not a responsive pleading or an answer. *Glenco-Belvedere Animal Hosp. v. Winters*, 129 Ga. App. 621 (200 SE2d 506) (1973).

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED FEBRUARY 25, 2003.

*Brown & Scoccimaro, Ralph O. Scoccimaro, Alexander R. Nemajovsky*, for appellant.

*Carlock, Copeland, Semler & Stair, Wayne D. McGrew III, Rebecca C. Wall*, for appellee.