A04A0316. KAYLOR v. ROME CITY SCHOOL DISTRICT.
(600 SE2d 723)

MIKELL, Judge.

Plaintiff Ted G. Kaylor, Jr., appeals the dismissal of his second complaint arising out of his resignation as a teacher in the Rome City School District ("District"). We affirm.

The facts underlying Kaylor's resignation are recited in *Kaylor v. Atwell*.[1] As noted in that opinion, Kaylor agreed to resign in lieu of termination in 1993 after making an inappropriate sexual remark to a female high school student. He entered into a settlement agreement with the District which required the District to respond to requests for references by providing only Kaylor's dates of employment and the fact that he resigned. In 1998, Kaylor sued the District's superintendent and personnel director, asserting that they violated the agreement and committed various torts. Kaylor also named the "Rome City Schools" as a defendant. The trial court granted summary judgment to the defendants, holding, inter alia, that "Rome City Schools" was not a proper party defendant. We affirmed the judgment, noting that Kaylor had failed to enumerate as error the trial court's grant of

---

[13] (Citations omitted.) *Hutchinson v. State*, 179 Ga. App. 485, 486 (2) (347 SE2d 315) (1986).
[1] 251 Ga. App. 270 (553 SE2d 868) (2001).

summary judgment to the defendant school system.[2]

In October 2002, Kaylor filed a complaint against the District, alleging, in its entirety, as follows:

1. Defendant's principal place of business is Floyd County, Georgia.

2. Plaintiff submitted a resignation to his employer, Defendant herein, which was induced by Defendant's fraud and was without consideration.

3. This court in its order dated November 22, 2000, ruled that no valid agreement existed regarding the resignation of Plaintiff.[3]

The trial court dismissed the action, holding that it was barred by res judicata, sovereign immunity, and the statute of limitation. Although the trial court applied the wrong statute of limitation, its rulings are otherwise correct, and a judgment right for any reason will be affirmed.[4]

1. "The doctrine of res judicata provides that a final judgment of a court of competent jurisdiction is conclusive between the parties and bars a subsequent action between the same parties on the same subject matter."[5] "Res judicata will bar a plaintiff's action if the plaintiff has brought another action based on the same subject matter, the plaintiff had a full and fair opportunity to litigate the other action, the other action resulted in an adjudication on the merits, *and* the other action was against the same defendant or its privy."[6] Three elements are necessary to establish res judicata: (a) identity of the parties; (b) identity of the cause of action; and (c) prior adjudication on the merits of the action by a court of competent jurisdiction.[7]

(a) *Identity of parties.* Kaylor argues that there is no identity of parties between the two actions because the "Rome City Schools," a

---

[2] Id. at 274 (2) (c).

[3] The 2000 order did not state that no valid agreement existed. Rather, it held that the individual defendants were not parties to it and could not be bound by it. On appeal, we expressly declined to address that ruling. However, we held that summary judgment was correctly granted for the reason that Kaylor produced no evidence showing that the individual defendants breached their agreement not to provide third parties with information concerning his resignation. *Kaylor,* supra at 272-273 (2) (a)-(b).

[4] *Smith v. Alimenta Processing Corp.,* 197 Ga. App. 57, 58 (397 SE2d 444) (1990).

[5] (Footnote omitted.) *Roth v. Gulf Atlantic Media of Ga.,* 244 Ga. App. 677 (536 SE2d 577) (2000); OCGA § 9-12-40.

[6] (Citation and punctuation omitted.) *Garrett v. Life Ins. Co. of Ga.,* 221 Ga. App. 315, 317 (1) (471 SE2d 262) (1996).

[7] *State Bar of Ga. v. Beazley,* 256 Ga. 561, 562 (1) (350 SE2d 422) (1986); OCGA §§ 9-12-40; 9-12-42.

misnamed defendant in the first action, is not the same party as the District, the current defendant. This argument is disingenuous at best. Despite ample opportunity, Kaylor never amended his complaint to reflect that the District was the proper party defendant.[8] Moreover,

> [t]he term "party" to an action includes all who are directly interested in the subject matter, and who have a right to make defense, control the pleadings, examine and cross-examine witnesses, and appeal from the judgment. Whether a person is a party to an action must be ascertained exclusively by inspection of the record.[9]

It is clear from our recitation of the facts in *Kaylor v. Atwell*[10] that the District was "directly interested in the subject matter" of the first action. Even though it was misnamed the "Rome City Schools," that defendant filed an answer, discovery, a motion to compel responses to discovery, and a motion for summary judgment.[11] The school system vigorously defended the lawsuit. Therefore, we conclude that an identity of parties exists between the two actions.

(b) *Identity of subject matter.* Res judicata bars subsequent actions "as to all matters put in issue or which under the rules of law might have been put in issue" in the original action.[12] "This requirement has been interpreted to mean that one must assert all claims for relief concerning *the same subject matter* in one lawsuit and any claims for relief concerning that same subject matter which are not raised will be res judicata."[13] Kaylor alleged in his first action that the District's superintendent and personnel director violated the parties' settlement agreement by commenting negatively on his resignation. He now contends that he was fraudulently induced to enter into the agreement. The agreement is the subject of both actions. There is an identity of subject matter.

(c) *Adjudication on the merits.* In *Piedmont Cotton Mills v. Woelper*,[14] the Supreme Court held that "it is only where the merits were not *and* could not have been determined under a proper presentation and management of the case that res judicata is not a viable

---

[8] *Kaylor*, supra at 274 (2) (c).

[9] (Citations omitted.) *State Bar of Ga.*, supra at 563 (1) (b).

[10] Supra.

[11] Id. at 271, 274 (2) (c).

[12] OCGA § 9-12-40.

[13] (Citations and punctuation omitted.) *CenTrust Mtg. Corp. v. Smith & Jenkins, P.C.*, 220 Ga. App. 394, 397 (2) (469 SE2d 466) (1996).

[14] 269 Ga. 109 (498 SE2d 255) (1998).

defense. If, pursuant to an appropriate handling of the case, the merits were *or* could have been determined, then the defense is valid."[15] As noted above, Kaylor failed to amend his complaint in the prior action to name the District as the proper party defendant.[16] Any claim against the District, including claims for fraud and lack of consideration, could have been determined on the merits under a proper presentation and management of the case. Kaylor "had a full and fair opportunity to litigate the other action."[17] Thus, the current action is barred by res judicata.

2. In addition, to the extent that the complaint asserts a claim of fraudulent inducement to contract, the trial court correctly determined that it is barred by sovereign immunity. "The Georgia Tort Claims Act provides for a limited waiver of the state's sovereign immunity for the torts of its officers and employees, but it expressly excludes school districts . . . from the waiver. OCGA § 50-21-22 (5)."[18] Ga. Const. of 1983, Art. I, Sec. II, Par. IX (c), waives sovereign immunity with respect to "any action ex contractu for the breach of any written contract." However, fraudulent inducement is, in essence, "a tort action brought to determine whether the entire contract is invalid because of alleged prior fraud which induced the execution of the contract."[19] Accordingly, any claim alleging that the District committed fraud is barred by sovereign immunity.

3. Finally, we note that the trial court erred in ruling that the complaint was barred by OCGA § 9-3-33, the two-year statute of limitation applicable to personal injury actions. A fraudulent inducement claim is governed by OCGA § 9-3-31, which imposes a four-year statute of limitation.[20] The error does not affect the ruling that the suit was time-barred, however. Kaylor filed suit in 2002 alleging that he was fraudulently induced to resign nine years earlier, in 1993. Although the limitation period can be tolled if the plaintiff is "debarred or deterred" from filing suit because of the defendant's fraud,[21] the plaintiff must show the existence of facts that would toll the statute of limitation.[22] Kaylor's complaint failed to plead any facts

---

[15] Id. at 110.

[16] *Kaylor*, supra at 274 (2) (c).

[17] (Citation and punctuation omitted.) *Garrett*, supra.

[18] (Citation and punctuation omitted.) *Crisp County School System v. Brown*, 226 Ga. App. 800, 801 (1) (487 SE2d 512) (1997). Accord *Davis v. Dublin City Bd. of Ed.*, 219 Ga. App. 121, 122 (1) (464 SE2d 251) (1995).

[19] (Citation and punctuation omitted.) *Rivers v. BMW of North America*, 214 Ga. App. 880, 882 (1) (449 SE2d 337) (1994).

[20] *Smith*, supra.

[21] OCGA § 9-3-96.

[22] *Edmonds v. Bates*, 178 Ga. App. 69, 72 (342 SE2d 476) (1986). See also OCGA § 9-11-9

showing fraud.[23] Accordingly, the four-year statute of limitation is not tolled.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 2, 2004.

*Larry J. Barkley*, for appellant.
*Harben & Hartley, Phillip L. Hartley*, for appellee.

(b), which requires the complaint to state the circumstances constituting fraud "with particularity."

[23] See *Moore v. Bank of Fitzgerald*, 225 Ga. App. 122, 127 (2) (d), n. 3 (483 SE2d 135) (1997).