**ALLSTATE INSURANCE COMPANY**

**v.**

**MONTGOMERY TRUCKING CO. OF GEORGIA, Inc., et al.**

**Civ. A. No. 13808.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 19, 1971.

Long, Weinberg, Ansley & Wheeler, Atlanta, Ga., for plaintiff.

Wilkinson & Nance, Atlanta, Ga., for G.M.A.C.

Miles B. Sams, East Point, Ga., for Jerry Howard.

Neely, Freeman & Hawkins, Atlanta, Ga., for Herbert A. Duke, Gulf Oil Corp., Robert Myron Buice and James H. Collins.

Smith, Cohen, Ringel, Kohler, Martin & Lowe, Atlanta, Ga., for American Mutual Ins. Co. and MacDougald Const. Co.

Mose S. Hayes, Atlanta, Ga., for Lloyd Skinner.

Lokey & Bowden, Atlanta, Ga., for Employers-Commercial Union Ins. Co of America.

Northcutt, Edwards, Doss & Germano, Atlanta, Ga., for Sara Sweat, Harold Lamar Harris, Douglas Carlton Harris, Bobby Carl Harris and Sara Harris Sweat, Adm'x of Estate of Winnie Forrester.

Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for Metropolitan Transit System, Inc. and Atlanta Transit System, Inc.

Lewis N. Jones, Atlanta, Ga., for Calvin M. Callaham, by Central Mut. Ins. Co.

Charles E. Muskett, East Point, Ga., for William Dowling, Ada Joe Dowling, and W. A. Turner as Adm'r of Estate of Joel A. Turner.

Troutman, Sams, Schroder & Lockerman, Atlanta, Ga., for Georgia Power Co.

William S. Rhodes, Atlanta, Ga., for Jersey Ins. Co. of N. Y.

Hurt, Hill & Richardson, Atlanta, Ga., for American Re-Insurance Co.

Harold Karp, Atlanta, Ga., for Mrs. Zelma Flowers.

Telford, Wayne & Stewart, Gainesville, Ga., for Montgomery Trucking Co. of Georgia, Inc.

Gambrell, Russell, Moye & Killorin, Atlanta, Ga., for Ins. Co. for North America and MacDougald-Warren, Inc.

Nall, Miller & Cadenhead, Atlanta, Ga., for Liberty Mutual Ins. Co.

## ORDER

ALBERT J. HENDERSON, Jr., District Judge.

Plaintiff raises, by way of a motion to alter or amend pursuant to Rule 59 of the Federal Rules of Civil Procedure, an issue as to Allstate's continuing obligation to defend. Plaintiff also seeks to relitigate the question of its contractual duties to the insured under the terms of the policy, but the court will not again consider this latter issue, deferring to the discussion in its prior order dated November 20, 1970.

■ There appears to exist some confusion, however, surrounding the intent of the court in its order which reads, in part, as follows:

Allstate, whose duty to defend is hereby affirmed, need not, however, defend every suit filed against its insured. The company is required to represent the insured until such time as a judgment is returned which equals or exceeds the policy limits. *At that time the obligation to defend any suits filed subsequent thereto shall fall upon the carriers of the excess coverage and the insured himself.* (emphasis added).

Order dated November 20, 1970, p. 5. Clearly, under the law of Georgia as it now exists, Allstate is relieved of the obligation to defend suits filed subsequent to a judgment equal to or in excess of the policy limits. What is of concern here, however, is whether Allstate is similarly absolved of its obligation to continue defending whatever suits may be then pending. In other words, the question is whether plaintiff may withdraw as counsel from any suit not yet brought to judgment, claiming that another recovery against the insured has exhausted his coverage under the policy thereby entitling plaintiff to be thereafter excused of its contractual duties.

The court notes that in Liberty Mutual Ins. Co. v. Mead, 219 Ga. 6, 131 S. E.2d 534 (1963), the Georgia Supreme Court upheld the insurance company's refusal to further defend Mead Corporation after settling two existing claims. It held that Liberty Mutual's actions constituted a complete fulfillment of what was required under the policy.

Therefore, allegations of events which took place thereafter, namely, the insurer's withdrawal and refusal to defend the remaining claims and suits and the insured's incurrence of attorney's fees and expenses in defending them, constitute no basis for recovery of damages from the insurer. There is no allegation that the insured suffered any prejudice of its rights by the insurer's withdrawal; the only damage of which it complains is monetary.

*Id.* at p. 10, 131 S.E.2d at p. 526. Absent a showing of prejudice, plaintiff may ask the insured to shoulder the cost of further defending the remaining suits. On the facts of this case, the cost of any further defense will shift to the carriers of the excess coverage so that the insured presumably will not be prejudiced by plaintiff's midstream withdrawal. By this order, the court does not indicate what would constitute an adequate showing of prejudice necessary to require an insurance company to continue a defense. Rather on the facts herein involved, the court merely holds that the insured will suffer no apparent prejudice by the proper withdrawal of Allstate from the defense of a suit under the Georgia rule and the discretion of the state judge.

■ The holding of the Court in *Mead, supra,* which reads, "From our construction of the language of this policy, we hold that no duty to defend any remaining claims and suits existed here, * * *" *is* equally applicable to the present facts. *Id.,* p. 12, 131 S.E.2d p.

537. Plaintiff's obligation to defend, therefore, extends at least until the first recovery which exhausts the policy coverage. Proper consideration should then be given to the manner in which to accomplish a smooth transition between legal representatives.

In order for this holding to be adequately understood, the court hereby adopts in large part the recommended amendment of plaintiff, so that the last sentence of the first complete paragraph on page 5 of the order dated November 20, 1970, shall read,

> At that time the obligation to defend any remaining suits or claims shall fall upon the carrier of the excess coverage and the insured himself, and all obligations, including the duty to defend, under that policy of insurance issued by Allstate Insurance Company, insofar as the insured rights shall not be prejudiced thereby, shall thereafter be terminated.

In summary, plaintiff's motion to amend the court's order is hereby granted in accordance herewith.