[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12013

Non-Argument Calendar

_____

FOUR SEASON TRUCKING INC.,

Plaintiff-Appellant,

*versus*

GRANGE MUTUAL CASUALTY COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-00379-SCJ

_____

Before BRASHER, ABUDU, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Four Season Trucking, Inc. ("FST") appeals the district court's order dismissing its declaratory judgment action against Appellee Grange Mutual Casualty Company ("Grange"). On appeal, FST argues that the district court erred because it did not have subject matter jurisdiction to decide this case, and it incorrectly found that FST would not suffer prejudice if Grange did not continue to defend FST in a state court action. Having read the parties' briefs and reviewed the record, we affirm the district court's order dismissing FST's declaratory judgment action.

## I.

We review *de novo* a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1356 (11th Cir. 2021).

## II.

This case originated from an automobile accident on October 12, 2015, that involved one of FST's employees and two other drivers, Terri Slaughter and Damitra Baisden. Both drivers suffered injuries from the accident, and they both filed separate lawsuits for their damages. The Slaughter case was filed in 2016 in Fulton County state court and was later dismissed without prejudice. Slaughter refiled the action in 2020, and after the case was removed to federal court, the district court determined that only one of the

three insurance policies between FST and Grange covered the automobile accident, and that the drivers were injured as part of one accident. Our court affirmed this holding. *See Grange Mut. Cas. Co. v. Slaughter*, 958 F.3d 1050 (11th Cir. 2020).

Before our court affirmed the district court's order in the Slaughter case, Grange entered into a limited liability release and indemnification agreement with the other driver, Baisden, for $1 million, the policy limits. The state court dismissed with prejudice the Baisden case in July 2020. FST's independent lawyer entered an appearance in the Slaughter case, and Grange's counsel motioned to withdraw. FST opposed the motion to withdraw because it had filed a declaratory judgment action in Dekalb County to determine if Grange was required to continue to defend FST in the Slaughter case.

The Dekalb County declaratory judgment action was voluntarily dismissed, and six months later, FST refiled a declaratory judgment action in Gwinnett County, seeking a judgment requiring Grange to continue defending FST in the Slaughter case. Grange timely removed the Gwinnett County declaratory judgment action to federal court. Grange simultaneously filed a motion to dismiss for failure to state a claim. FST opposed the motion, claiming that it would be prejudiced if Grange did not continue to defend FST in the Slaughter case. The district court granted Grange's motion to dismiss, and FST filed this appeal.

**III.**

Although FST did not raise a question of subject matter jurisdiction to the district court, it does so here. FST asserts that the amount in controversy requirement for diversity jurisdiction does not exist, and it requests that we remand the case to the district court so it can conduct an inquiry into whether the amount in controversy is satisfied. Grange counters that diversity jurisdiction is proper in this case.

A removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdiction requirement. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). We have recognized that it "may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages." *Id.* (internal quotation marks omitted). We have noted that district courts are permitted to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable," and district courts need not "suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount." *Id.* at 1061-62 (internal quotation marks omitted).

The record demonstrates that the district court had jurisdiction over this case. The question presented in this declaratory judgment action is whether there is a duty to defend FST in the Slaughter case. Thus, the amount in controversy is determined by the

value of the total cost of the defense of the Slaughter case, and Grange is in the best position to determine that amount. Grange states that it has incurred over $50,000 in connection with the defense of the Slaughter case from its inception in 2016, and the case has yet to be tried. It is reasonable to deduce that the entire cost of defending the Slaughter case will exceed $75,000. Thus, we conclude that the amount in controversy satisfies the federal jurisdiction requirement, and the district court properly had jurisdiction.

## IV.

FST argues that the district court erred in concluding that Grange did not have a duty to defend in the Slaughter case because the liability coverage limit of insurance was exhausted by payment of $1 million to settle the Baisden case. FST also contends that the district court incorrectly found that it was not prejudiced by Grange not representing FST in the Slaughter case. Based on the record, we disagree with FST and affirm the district court.

The insurance policy at issue states that Grange's duty to defend or settle ends when the liability coverage limit of insurance has been exhausted by payment of judgments or settlements. In *Liberty Mut. Ins. Co. v. Mead Corp.*, 131 S.E. 2d 534, 536 (Ga. 1963), the Georgia Supreme Court confirmed that "the insurer's undertaking with respect to defense of the insured must be determined by the particular contract of insurance between the parties." The policy clearly states that Grange's duty to defend and indemnify ends once the policy limits have been exhausted by the payment of

a settlement, and the record demonstrates that the policy limit was exhausted by the payment in the Baisden case.

However, an insurer cannot "abandon the defense of [a] claim in mid-course to the prejudice of the insured." *Gibson v. Preferred Risk Mut. Inc. Co.*, 456 S.E. 2d 248, 250-51 (Ga. App. 1995). There are not many cases providing guidance on what constitutes prejudice in this situation, but the Georgia Supreme Court has determined that monetary damage alone is insufficient to show prejudice. *Liberty Mut. Ins. Co.*, 131 S.E. 2d at 536. In *Atkinson*, the Georgia Supreme Court determined that an insured would be prejudiced by the insurer's withdrawal when the insurer settled for the full extent of policy coverage but paid the wrong party. *Atkinson v. Atkinson*, 326 S.E. 2d 206, 212-13 (Ga. 1985). Another court intimated there was no prejudice when the party suggested that the insurer could better defend the insured than an attorney independently retained. *See Gibson*, 456 S.E. 2d at 250-51. Other considerations for assessing prejudice focus on how smooth the transition between legal representation would be, *Allstate Ins. Co. v. Montgomery Trucking Co. of Ga.*, 328 F. Supp. 415, 417 (N.D. Ga. 1971), and if the insured consented to the settlement agreement depleting the liability coverage. *Liberty Mut.*, 131 S.E. 2d at 536.

We conclude, from the record, that these considerations indicate that FST would not be prejudiced by the withdrawal of Grange's defense. There is no allegation or evidence to suggest that Grange paid the wrong party. FST was a party to the Baisden agreement and had a representative sign the agreement on its

behalf. FST has had independent counsel in the Slaughter case since April 2023, and because the case is currently stayed pending resolution of this declaratory judgment action, the transition to new representation should proceed rather smoothly.

Moreover, like the district court, we reject FST's suggestion that it is prejudiced because it relied on Grange's continued defense in the Slaughter case after the coverage limit had been reached. *See Scruggs v. Int'l Indem. Co.*, 505 S.E. 2d 267, 268 (Ga. App. 1988) (finding under the applicable policy that insured did not have a continuing duty to defend because insurer relied on its representation). The amount of time that Grange continued to defend was brief, and FST had an independent lawyer involved during this period. In sum, we conclude that the district court correctly found that FST did not show that it will be prejudiced by Grange's lack of representation in the Slaughter case.

Accordingly, based on the aforementioned reasons, we affirm the district court's order granting Grange's motion to dismiss FST's declaratory judgment action.

AFFIRMED.